I. C. WHEELER, Respondent, v. MONETT MILLING COMPANY *et al.*, Appellants.

St. Louis Court of Appeals, March 1, 1898.

Pleadings: PRACTICE, AMENDMENT OF. Amendment of description in plaintiff's petition being made beyond the time within which he was permitted to file a lien, merely conformed the statements of the petition to the statements contained in plaintiff's notice of an intention to file a lien. It has been expressly held that such statements are allowable, and for the purpose of effectuating a lien relate back to the institution of the suit.

*Appeal from the Barry County Circuit Court.*—Hon.
J. C. LAMSON, Judge.
AFFIRMED.

*Geo. Hubbert* and *Cloud & Davis* for appellants.

The description of the premises as contained in the
account and statement filed by the plaintiff with the
clerk of the circuit court for the purpose of securing
his lien does not contain a true description of the prop-
erty upon which the lien was intended to apply, nor so
near the same as to identify it.   R. S. 1889, sec. 6709.
Plaintiff virtually admits this and abandons the
description as set out in his lien statement and substi-
tutes another in his petition.   This change could not
aid the lien.   The lien account filed with the clerk is
the basis of the action and that on which the title rests
when perfected.   The property must be described
therein with reasonable certainty.   *Matlack v. Lare*,
32 Mo. 262; *Williams v. Porter*, 51 Mo. 441; *Wright v.
Beardsley*, 69 Mo. 548; *Ranson v. Sheehan*, 78 Mo. 668;
The execution, which is a special *fieri facias*, must dis-
close to the officer the property to be sold, and the
description must be sufficiently definite to enable the
sheriff to advertise the property by a .correct descrip-
tion, and make a deed which will convey title.   *Matlack
v. Lare, supra; Lemly v. Iron & Steel Co.*, 65 Mo. 545.
It is the evident intent of the law that the description
in the lien paper shall be sufficient of itself to identify
the property and to enable the officer to find it and
convey it without having to resort to any other source
for his information, and in this view the court erred in
permitting Mr. Steele to testify over the objection of
defendant that the description given was sufficient to
enable one familiar with the locality, to point out the

property. The description of the land, as contained in the petition, being materially different from the description as contained in the lien paper, and no explanation being made to account for the variance, and the buildings not being described in the petition as in the lien, it was error to admit the lien paper in evidence. It is well settled in this state that no lien can attach upon the buildings where none is secured against the real estate on which the buildings are located. *Williams v. Porter, supra; Richardson v. Koch,* 81 Mo. *loc. cit.* 269; *Ranson v. Sheehan,* 78 Mo. *loc. cit.* 674.

*Harrison & Harrison* and *Pepper & Steele* for respondent.

An amended petition correcting the original description in a suit on a mechanic's lien is merely a continuation of the original action and where that was brought within ninety days after filing the lien, plaintiff is not barred by lien limitation law. *Mann v. Schroer,* 50 Mo. 306 at 307. Amendments are allowed expressly to save a cause from the statute of limitation and courts have been liberal in allowing them when the cause of action is not totally different. *Lottman v. Barnett,* 62 Mo. 159, pt. at 170 to end; *Buel v. Transfer Co.,* 45 Mo. 562; *Thompson v. Mosely,* 29 Mo. 417. The amendment sets up no new matter or claim, but is a mere variation of the allegations affecting a demand already in issue; then the amendment relates to the commencement of the suit and the running of statute is arrested at that point. *Buel et al. v. St. Louis Transfer Co.,* 45 Mo. 562 at 563 8-4. The cause of action was not changed by the amendment. The court may at any time before final judgment, amend * * * by correcting a mistake * * * in any respect or by inserting other allegations material to the case or

where the amendment does not change substantially the claim or defense. R. S. 1889, p. 551, sec. 2098; *Thompson v. Mosely*, 29 Mo. 477 at p. 479. The amendment made in the petition describing the land is within the provision of the statutes allowing amendments to correct a mistake. R. S. 1889, sec. 2098. An amendment is properly allowed to correct a description of land in the petition, even to make the petition conform to the facts proved. *Callahan v. McMahon*, 33 Mo. 111, at pp. 113 and 114; R. S. 1889, sec. 2098. May amend after verdict. *Acton v. Dooley*, 16 Mo. App. 441, at p. 446.

BOND, J.—The petition in this case is for a mechanic's lien for materials and brick used in the construction of a mill and elevator for the Monett Milling Company, a corporation, upon a lot of ground alleged to be the property of said corporation under a sale to it by bond for title executed by S. N. Alberta, E. S. and H. N. Mills. A personal judgment in the sum of $1,007.90 is also prayed against A. D. Butler as original contractor with the other defendants for the improvements. The petition alleges proper steps taken to secure the lien. The defendants were served, and thereafter at the November term, 1896, of the circuit court of Barry county plaintiff amended his petition in the matter of the description of the property, so that it should read, "Commencing at 1 and 6-100 chains north of the southwest corner of the northwest quarter of the southeast quarter of section 31," instead of "commencing at 1 and 6-100 north of the southwest corner of the northwest quarter of the southwest quarter of section 31," as described in the original petition." The answer of the original contractor was a general denial, and that of the Monett Milling Company denied specifically the filing of a true description

of the property within the time prescribed by law for the acquisition of a lien. The parties entered into the following stipulation:

"Now comes the plaintiff and all the defendants by their respective attorneys, and they mutually agree and stipulate that the allegations of the petition are true, except as to the description of the land, concerning which the defendants contend that it in truth varies from the description in the petition in that the commencing point for the boundary is 1 and 76-100ths chains north of the southwest corner of the certain 40 acres tract therein mentioned, instead of only 1 and 6-100ths.

"It is further stipulated that the petition as originally filed at the commencement of the action, contained the description set out in the lien paper, and so continued until November term, 1896, when the word "east" was substituted for the word "west," whereby the call was changed from the northwest quarter of the southwest quarter of the section to the northwest quarter of the southeast quarter of the section.

"It is further stipulated that the interests of the defendants, Submit N. Mills, Alberta Mills, E. S. Mills and Harry N. Mills are those of tenants in common who have contracted sale of the property in question, being owners thereof, to the defendant company, before the inception of the alleged lien, for the agreed consideration of $1,500 with 8 per cent annual interest from and after June, 1896, at which date they tendered, as they yet tender here in court, deeds of conveyance of the said property to the said company and its assigns upon payment of the said contract price.

"It is therefore further stipulated that this case shall be submitted to the court for trial without a jury, on the issue as to whether or not the description set forth in the lien paper filed as a basis for lien claim and

action is sufficient to charge the property in question with a lien, and whether the plaintiff is entitled to enforce the same in this case; it being agreed that it shall be competent for the parties, or either of them, to show at the trial which is the correct beginning point and description, it being contended by the plaintiff that his description in the lien paper is a sufficiently true description, or sufficiently near to a true description to answer the requirements of the statute and to give him a lien in this case, which defendants deny.''

There was testimony tending to show that the description of the lot of ground on which the improvements were situated contained in the lien paper and also that contained in the amended petition, were sufficient to enable any one acquainted with the locality of the property to identify the same. Plaintiff dismissed as to all the defendants except the original contractor and the Monett Milling Company, and the court gave a personal judgment in his favor against the contractor with a lien on the property, from which the Monett Milling Company appeals.

It is insisted by appellant that the amendment of the description of the property in plaintiff's petition being made beyond the time within which he was permitted to file a lien, debarred him from any right to recover against the property. The amendment in question merely conformed the statements of the petition to the statements contained in plaintiff's notice of an intention to file a lien. It has been expressly held that such statements are allowable, and for the purpose of effectuating a lien relate back to the institution of the suit. *DeWitt v. Smith*, 63 Mo. 263. Such an amendment is only a continuance of the original proceeding. *Mann v. Schroer*, 50 Mo. 306. In the case first cited it was held proper to amend the

AMENDMENT of description in petition.

STATEMENTS in notice relate back.

description of property contained in the original petition, so as to conform to the description of the property contained in the notice of lien, although the intervening lien account filed with the clerk contained a different description, where, as in this case, the extrinsic evidence showed that the property sought to be affected was all of the kind owned by the defendant in that locality, and there was enough in the description to enable a party familiar with the locality to identify the premises intended to be described. Our conclusion is that there was nothing in the amendment of plaintiff's petition preventing a judgment in his favor for a lien upon the property. Neither is there any merit in the contention of appellant that the judgment in this case shows no lien against the land. The recitals of the judgment are, "That the said I. C. Wheeler is entitled to a mechanic's lien against the property described in the plaintiff's petition." The petition asks for a lien against the improvements and the ground on which they are situated, stating that the Monett Milling Company is the equitable owner of the land. This statement was admitted to be true in the agreed statement of facts filed in this cause. The evidence is undisputed that the Monett Milling Company under its equitable title took possession of the land and constructed the buildings thereon wherein plaintiff's materials were used. He was therefore entitled, upon taking the steps prescribed by the statute, to fix a lien both on the buildings and the lot of ground on which they were situated, to the extent of the title and interest of the Monett Milling Company. *O'Leary v. Roe,* 45 Mo. App. 567. The judgment in this case does not affect the interests of the vendors of the land (the suit having been dismissed as to them), and it rightfully binds the interests of the vendee, who is the only appellant. It will therefore be affirmed. All concur.