# EDWARD JONES vs. THE UNITED RAILWAYS, ETC., CO.

*Injury to Passenger in Street Car From Projecting Article in Passing Wagon—Contributory Negligence.*

Plaintiff, a passenger on defendant's street railway, was sitting at the rear of the car by an open window with his arm resting on a rail which ran between the windows, but with his elbow entirely within the car. The car overtook and passed a wagon loaded with slabs of marble one of which came so near the car that it struck each window post as the car moved along, making a loud noise. Plaintiff testified that he did not hear this noise, or see the approaching danger and that the projecting marble slab struck his arm and caused the injury to recover damages for which this action was brough.t *Held*, that the occurrence of the injury under these circumstances to the plaintiff, a passenger inside the car, raised a presumption of negligence on the part of the defendant, and it was error to instruct the jury that the plaintiff's contributory neg-

ligence was such in law as to bar his right to recover, but that the questions of defendant's negligence and plaintiff's contributory negligence should have been left to the jury.

Appeal from the Superior Court of Baltimore City (PHELPS, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, PEARCE, SCHUMCKER and JONES, JJ.

*John Prentiss Poe* (with whom were *Daniel B. Chambers* and *Madison E. Lloyd* on the brief), for the appellant.

*J. Pembroke Thom* (with whom were *F. C. Slingluff* and *Geo. Dobbin Penniman* on the brief), for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

The appellant sued the appellee in the Superior Court of Baltimore City to recover damages for an injury suffered by him while riding in one of its electric street cars. At the close of the plaintiff's evidence the Court granted the defendant's prayer instructing the jury that the uncontradicted evidence showed the plaintiff to have been guilty of negligence directly contributing to the accident and directing them to render a verdict for the defendant. The verdict was rendered accordingly and from the judgment entered thereon the plaintiff appealed.

The plaintiff testified in his own behalf as follows: About five o'clock on the afternoon of August 20th, nineteen hundred and two, he got into the car at Govanstown, to go to his home in Baltimore, and paid his fare. The car was a long eight wheeled one with an aisle through its center and the seats placed in pairs on the two sides of the aisle. The windows and sides of the car with the exception of the upright posts had been removed, so as to make it an open car. Between each two of the posts along the sides of the car there was a low wire netting with a narrow brass rail on top of it. All of the seats were double seats except those at the two ends of

the car, where there was a double seat on one side of the aisle and a single seat on the other side.

The plaintiff on entering the car took the single seat at its rear end. While sitting there, with his elbow resting on the brass railing but entirely within the car, the upper part of his arm near the shoulder was struck and injured by a marble slab which projected from a passing wagon that collided with the car. His recollection was that the car and wagon were going in opposite directions at the time of the accident. He neither saw nor heard the wagon before the stone struck him nor had he any warning of its approach.

John M. Russell an eye witness of the accident testified for the plaintiff, that he was sitting in the car on the opposite side from the plaintiff and saw the latter struck by the stone slab. His description of the accident was as follows: "Well, going along up Fayette street I heard a screeching noise which drawed my attention, a kind rubbing noise until it got louder and I noticed this piece of marble some distance from the colored man and it was screeching along the car and it was a wagon loaded with slabs of marble in it and the slabs projected over the wagon and this slab that was out must have been a little further than the others. I don't know, whether they might have been all out, I didn't notice that, but when it got close I seen it when it caught the old fellow's arm and kind of pulled him around that way (indicates) and after it crossed Calvert street I thought the conductor had seen it too for he was standing on the back platform." He further testified that as the marble slab passed along the posts at the side of the car it struck each post and made a loud screeching noise "quite enough to attract anybody's attention on board that car" * * "anybody who had any hearing at all." That the two vehicles were going in the same direction at the corner of Calvert and Fayette streets and that "The car had stopped on Fayette street and started before it caught this wagon, the wagon was going on and of course it got into the narrows, there was where it caught the car, it caught the wagon right in the narrows and the further they both went

the tighter they got." That the conductor did not stop the car until it got to St. Paul street. The witness took the plaintiff from the car at Charles street and assisted him to a hospital. He seemed to be in a dazed condition at the time.

The appellant when injured by the collision of the car with the stone wagon was a passenger in the car, had paid his fare and was occupying one of the seats provided by the appellee for the use of its passengers. His elbow, although resting upon the brass rail at his side, did not project beyond the car. Under these circumstances the law in this State is clear that the occurrence of the accident by which he was injured raised the presumption of negligence on the part of the appellee and the *onus* was cast upon the latter to show that the injury did not result from its negligence or that the appellant was himself guilty of negligence directly contributing to its occurrence. *R. R. Co.* v. *State, use Mahone*, 63 Md. 135; *B. & O. R. R. Co.* v. *Hauer*, 60 Md. 462; *B. & P. R. R. Co.* v. *Swann*, 81 Md. 400; *Hewes* v. *P. W. & B. R. R. Co.*, 76 Md. 159.

The appellee offered no evidence in its own behalf but asked the Court to rule that the uncontradicted evidence offered on the part of the plaintiff established the fact that he was guilty of such contributory negligence as debarred his right to recover. The learned Judge granted the prayer of the appellee but we are unable to agree with his view of the case.

The appellant distinctly testified that he neither saw nor heard the collision between the stone on the wagon and the side posts of the car and was unaware of the approaching danger until he was struck and injured. There is no direct contradiction of this testimony. It is true that the witness Russell who was on the opposite side of the car both saw and heard the collision and said that in his opinion it made a noise loud enough to be heard by anyone in the car who had any hearing at all. This evidence as to the loudness of the noise although in the nature of an opinion was proper to be considered by a jury along with the other testimony, but it does not

amount to a contradiction or disproval of the plaintiff's testimony already mentioned.

We held in *Hogeland's case*, 66 Md. 149, as well as in more recent cases decided upon its authority, that one who is in a position of danger as when nearing a railroad crossing must exercise precautions appropriate to his situation and must look and listen for approaching trains and that *under such circumstances* it will not do for him to say that he looked and did not see and listened and did not hear the train when the facts of the case show that if he had looked or listened with the requisite care he must have seen or heard it. But a passenger travelling in a street car is not bound as is a person approaching a dangerous crossing to keep all of his senses alert and be constantly on the lookout for danger. He has, while exercising ordinary care and prudence on his own part, a right to presume that the railway company in whose cars he is travelling will discharge its duty towards him as its passenger and exercise that high degree of care for his protection which the law requires of it.

It may be that with all of the facts of the case before them a jury would come to the conclusion that the appellant was guilty of such contributory negligence as to deprive him of the right of recovery, but in our opinion that fact does not at present appear from the uncontradicted evidence now in the case. The mere belief expressed by the one witness, Russell, that anyone in the car could have heard the noise of the collision before the stone projecting from the colliding wagon reached the seat in which the appellant sat might not in the opinion of the jury be sufficient to destroy the value of the latter's testimony that he neither saw nor heard it before he was struck.

The question of negligence in cases like this is primarily one for the jury under proper instructions from the Court defining the degree of care required of each party. It is only where the facts are undisputed or where but one reasonable inference can be drawn from them that it is proper to take the case from the jury. *B. & O. R. R.* v. *Dougherty*, 36 Md. 366;

*Cumb. Valley R. R.* v. *Maugans,* 61 Md. 60; *Cooke* v. *Baltimore Traction Co.,* 80 Md. 558; *Consol. Ry. Co.* v. *Rifcowitz,* 89 Md. 342. We think appellant is entitled to have his case passed on by a jury and we will therefore reverse the judgment.

> *Judgment reversed with costs and new trial awarded.*

(Decided March 22nd, 1904.)