SMITH, Appellant, v. ST. LOUIS TRANSIT COM-
PANY, Respondent.

**St. Louis Court of Appeals, May 22, 1906.**

1. **CARRIERS OF PASSENGERS: Street Railways: Negligent Construction of Track.** Where two parallel tracks of street railway were so close together as to allow the cars to rub or bump together when passing each other, the presumption is the tracks were negligently constructed and maintained.

2. ————: ————: **Contributory Negligence: Jury Question.** Whether a passenger on a street car was guilty of contributory negligence by resting his elbow on the window sill so that it projected slightly beyond the body of the car, whereby it was struck by a car passing on a parallel track and broken, was a question for the jury.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough,* Judge.

REVERSED AND REMANDED.

*Joseph A. Wright* for appellant.

(1) From the collision of cars resulting in injuries to a passenger, under the adjudications in this State, arises the twofold presumption of the carrier's negligence and of the exercise of ordinary care by the passenger, and casts upon the carrier the *onus* to show that the injury did not result from its negligence, or that the passenger was guilty of negligence contributing to its occurrence. Magrane v. Railroad, 183 Mo. 119; Malloy v. Railroad, 173 Mo. 75; Smiley v. Railroad, 160 Mo. 629; Olsen v. Railroad, 152 Mo. 426; Och v. Railroad, 130 Mo. 27; Clark v. Railroad, 127 Mo. 197; Sharp v. Railroad, 114 Mo. 94; Ashton v. Transit Co., 105 Mo. App. 226; Holland v. Railroad, 105 Mo. App. 117; Robinson v. Railroad, 103 Mo. App. 110; Heyde v. Transit Co., 102 Mo. App. 537. (2) The operation of street cars with a space of but four inches between them while

standing still, and of much less space even down to the point of rubbing the sides of passing cars together when in motion, is gross negligence, utterly inconsistent with the care required for the protection of passengers. Winter v. Railroad, 39 Mo. 468; Farlow v. Kelly, 108 U. S. 288; Schneider v. New Orleans, etc., Co., 54 Fed. 466; McCord v. Railroad, 134 N. C. 53.    (3)   Whether a street car passenger riding in a position similar to that occupied by the plaintiff is exercising ordinary care for his own safety is for the jury and not the court to determine, under all the facts and circumstances in evidence.   Allen v. Transit Co., 183 Mo. 411; Kreimelmann v. Jourdan, 107 Mo. App. 64; Perrette v. Kansas City, 162 Mo. 238; Phelps v. Salisbury, 161 Mo. 1; Nixon v. Railroad, 141 Mo. 425; Barton v. St. Louis, etc., Co., 52 Mo. 253; Huelsenkamp v. Railway, 37 Mo. 537; Miller v. Railroad, 5 Mo. App. 471; Tucker v. Railway, 53 App. Div. 571, 65 N. Y. Sup. 989, affirmed in 169 N. Y. 589; Francis v. Steam Co., 114 N. Y. 380; Cummings v. Worcester, etc., Co., 166 Mass. 220; Powers v. Boston, 154 Mass. 60; Kird v. New Orleans, etc., Co., 109 La. 525; Summers v. Railway, 34 La. Ann. 139; Traction Co. v. Hardendorf (Ind. Sup.), 72 N. E. 593; Railroad v. Hoffbauer, 23 Ind. App. 614; Railroad v. Lee, 50 N. J. Law 435; North Chicago, etc., Co. v. Williams, 140 Ill. 275; Johnson v. Railway, 43 Minn. 53; Dahlberg v. Minn., etc., Co., 32 Minn. 404; Railway v. Phillips (Tex.), 74 S. W. 793; Railway v. Brophy, 105 Pa. St. 38; Railway v. Higgs, 38 Kan. 375; Elliott v. Railway, 18 R. I. 707; Geitz v. Railway, 72 Wis. 307; Nellis on Street Railway Accident Law, 192; Young v. Oil Co., 185 Mo. 634, 665-668.

*Boyle & Priest, Geo. W. Easley,* and *Glendy B. Arnold* for respondent.

The court did not err in sustaining respondent's demurrer to evidence offered at the close of appellant's

case. "The testimony of the party which is contradic-
tory of and in opposition to conceded and undisputed
physical facts, should be disregarded by both courts
and juries." Spiro v. Transit Co., 102 Mo. App. 250;
Payne v. Railroad, 136 Mo. 579.

BLAND, P. J.—After stating preliminary matters
and that plaintiff boarded one of defendant's Market
street cars, in the city of St. Louis, and paid his fare,
the petition alleged:

"That after taking said seat and paying his fare,
plaintiff rested his elbow upon the window sill of said
window of the car, and that as said car approached a
point between Compton and Theresa avenues on Man-
chaster avenue, along the route of said Market street
line, his elbow was projecting about two inches on the
outside of said car, at which point his elbow was struck
by an eastbound Market street line car of defendant,
then being operated on a parallel track, causing his arm
to be broken at a point near the elbow.

"That the injuries thus sustained by the plaintiff
were directly caused by the carelessness and negligence
of the defendant in running and operating its said west-
bound car and said eastbound car on said line at said
point, in such close proximity to each other while pass-
ing as to cause the sides of said westbound car and said
eastbound car to touch and rub against each other, and
thereby imperiling and endangering the safety of pas-
sengers on its said cars, and more especially of the
plaintiff on the said car upon which he was riding."

Then follow  allegations of special damages and
prayer for judgment.

The answer was a general denial and a plea of con-
tributory negligence, which plea was put at issue by a
reply.

At the close of plaintiff's case, the court gave an
instruction in the nature of a demurrer to the evidence,
whereupon plaintiff took a nonsuit with leave to move

to set the same aside. The motion to set aside the non-suit was overruled and plaintiff appealed.

Plaintiff's evidence shows that on July 25, 1904, between the hours of eight and nine o'clock p. m., he took passage at the corner of Market and Eighteenth streets on one of defendant's Market street cars, traveling west, seated himself on the first cross seat on the left side, in the front end of the car, and by an open window, and paid his fare. His destination was the grounds of the Louisiana Purchase Exposition Company, where he was employed as a Jefferson Guard. Plaintiff rested his left arm in an upright position on the window sill, his elbow slightly projecting over the window sill but within the outside edge of the body of the car and two inches inside the guards extending across the window. The Market street line to the Fair Grounds ran over a portion of Manchester avenue (a street running east and west) and where it is crossed by Compton and Theresa avenues, running north and south, double tracks are maintained in Manchester avenue, which plaintiff's evidence shows are only fifty-four inches apart between Compton and Theresa avenues, and that the cars project twenty-five inches beyond the track rail, so that cars passing on the parallel tracks are only four inches apart, and hence are liable to rub or bump against each other when either or both sway or rock back and forth while passing. The evidence shows that on the evening in question the car plaintiff was on was running at a rapid speed between Compton and Theresa avenues, swaying and rocking, and while so running and swaying it passed a car traveling east on the parallel track, and the two cars came together with a crash, causing a "rubbing or rumbling noise;" that as they passed, plaintiff felt a shock in his left elbow and afterwards discovered that the end of the ulna was fractured. Neither car was stopped or damaged by the rubbing or bumping together, nor were the guards across the win-

dow where plaintiff was sitting broken or displaced. The bars were of iron, and plaintiff testified that the lower one was four inches above the window sill and projected two inches beyond it, and that the bars above this one were four inches apart; that after the accident he examined the bars and found no difficulty in putting his elbow under the lower bar. Plaintiff's testimony is, that at the time of the accident his elbow was at least two inches inside the lower bar and did not project beyond the body of the car. Plaintiff rigidly adhered to this part of his testimony through a long and searching cross-examination. He is bound by his own evidence. The physical facts to which plaintiff testified make it physically impossible that his elbow came in contact with the passing car, and yet there is no way to account for his injury other than that his elbow was struck by this car, as he alleged in his petition. This could not have happened unless his elbow was projecting outside the car and beyond the window bars. Plaintiff also testified that he had frequently traveled over this car line and had heard that cars passing the point where he was injured sometimes rubbed together.

1.  If the space between defendant's tracks was so narrow as to allow its cars to rub or bump together, when passing each other, as plaintiff's evidence shows they did, the presumption is that the tracks were negligently constructed and maintained, and the jury would be authorized to find the defendant guilty of negligence in operating cars over said tracks. [Redmond v. Railroad, 185 Mo. 1.]

In Dougherty v. Railroad, 81 Mo. l. c. 329, the general rule in respect to the happening of accidents to passengers in vehicles, is thus stated: "That where the vehicle or conveyance is shown to be under the control, or management of the carrier or his servants, 'and the accident is such as, under an ordinary course of things, does not happen, if those who have the management use

proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care.' [Scott v. Dock Co., 10 Jur. (N. S.) 1108; Briggs v. Oliver, 4 Hurl. & Col. 407; Mullen v. St. John, 57 N. Y. 568, 569.]"

2. The plaintiff's evidence unquestionably tends to prove him guilty of negligence which directly contributed to his injury, and the defendant contends that his evidence is so convincing on this feature of the case, that it was the bounden duty of the court to take the case from the jury. The general rule, where negligence or contributory negligence is an issue, is that the question is one for the jury to determine. There are exceptions to the rule, but they are rare, and where no violation of a duty prescribed by public statute or city ordinance is shown, the case must be exceptional that would warrant the court to declare, as a matter of law, that negligence or contributory negligence had been shown.

In Allen v. Transit Co., 183 Mo. 411, on this question, the Supreme Court said:

"Unless the evidence of contributory negligence is so clear that there is no reasonable ground for two opinions about it, the court cannot pronounce the injured party's acts contributory negligence as a matter of law, but should submit the case to the jury to decide the point as a matter of fact."

It his been held in some of the States, that it is negligence for a passenger to expose his person from the window of a car on a steam railroad, notably in New York, Pennsylvania, Indiana, Kentucky, Maryland and West Virginia. The appellate courts of some of the other states including our own, have been more conservative and held that it is a question for the jury. [Barton v. Railroad, 52 Mo. 253; Quinn v. Railway, 29 S. C. 381; Moakler v. Railway, 18 Oregon 189.] But we have found no case where it has been held that it is negligence *per se* for a passenger on a street car to expose his elbow, to

a slight extent, from the window of a car, or to rest it on the window sill within the car. On the contrary, it has been held in the following cases, that what is ordinary care in a passenger in respect to the position he assumes on a street car is for the determination of the jury. [Miller v. Railway, 5 Mo. App. 471; Summers v. Railroad, 34 La. Ann. 139; Federal Street and Pleasant Valley Railway Co. v. Gibson, 96 Pa. St. 83; Germantown Passenger Railway Co. v. Brohpy, 105 Pa. St. 38; Dahlberg v. Railway, 32 Minn. 404; Jones v. United Railways Co., 99 Md. 64; Tucker v. Railway, 65 N. Y. Supp. 989; Farlow v. Kelly, 108 U. S. 288.]

Nellis says: "So a passenger sitting beside an open window, riding with his arm resting on the sill not more than three inches outside the car, is not necessarily negligent so as to preclude recovery for an injury to his arm caused by another car passing on a switch. But under certain conditions of speed and surroundings it may be negligent, as a matter of law, for a passenger to permit his arm, or any portion of his body, to protrude beyond the outside line of the car, and the same rule be applicable as in the case of passengers on steam roads." [Nellis on Street Railroad Accident Law, p. 192.]

The evidence in this case does not show such condition of speed and surroundings as to warrant the court to say as a matter of law, the defendant was guilty of contributory negligence. The question, whether or not defendant was guilty of contributory negligence was for the jury to determine, under all the facts and circumstances in evidence. Our conclusion is that the court erred in taking the case from the jury.

The judgment is therefore reversed and the cause remanded. All concur.