## SMITH, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

### St. Louis Court of Appeals, October 20, 1908.

1. **CARRIERS OF PASSENGERS: Negligence: Contributory Negligence.** Many of the propositions involved in this case were considered and settled on a former appeal. [120 Mo. App. 328.]

2. **PERSONAL INJURIES: Measure of Damages: Loss of Earnings: Pleadings.** In an action for damages on account of personal injuries where the petition alleged that the plaintiff would lose earnings on account of the injuries but failed to allege that he had lost them, this was sufficient to entitle him to a verdict for whatever earnings he had lost from the time of filing the petition up to the time of the trial, as well as earnings he would lose in the future. He was entitled to a verdict for such loss of earnings although he filed an amended petition long after the trial, in which the only allegation relating to the loss of earnings was that he would lose them in the future; the amended petition related back to the commencement of the action, so that the allegation would include all that he would lose from the date of the action.

3. ————: ————: ————: **Evidence.** Where plaintiff in an action for damages on account of personal injuries claimed damages for loss of earnings and it was shown that his arm was broken whereby he was disabled and that the arm was rendered stiff and that he suffered pain from it and that he laid off from work for several months after the accident, this was sufficient to warrant a conclusion that he had lost earnings by reason of his injury.

Appeal from St. Louis City Circuit Court.—*Hon. Geo. H. Shields,* Judge.

AFFIRMED.

*G. B. Arnold* for appellant; *Boyle & Priest* of counsel.

(1)   Because in the second paragraph an award of damages is authorized for any loss of earnings which plaintiff has "suffered, or will suffer by reason of his injuries," while the evidence does not show, directly or indirectly, that plaintiff has lost or will lose any of the earnings of his labor on account of his injuries.   Slaughter v. Railroad, 116 Mo. 274; Stafford v. Adams, 113 Mo. App. 725.   (2)   Because said paragraph authorizes an award of damages for any loss of earnings "suffered" by plaintiff, when there is no allegation on which such an award could be based.   Wotjylak v. Railroad, 188 Mo. 292; Krueger v. Railroad, 94 Mo. App. 462; Stoetzele v. Swearingen, 96 Mo. App. 592; Edwards v. Railroad, 75 Mo. App. 257.

*Joseph A. Wright* for respondent.

(1)   An amended petition speaks as of the date of filing the suit.   1 Ency. Pleading and Practice, 621; Paving Co. v. Ridge, 169 Mo. 376; Wheeler v. Milling Co., 73 Mo. App. 672; Fleenor v. Taggart, 116 Ind. 189. (2)   The question of damages was properly submitted. Wilbur v. Railway, 110 Mo. App. 689; Goodloe v. Railroad, 120 Mo. App. 194; Gurdey v. Railroad, 122 Mo. 141; Gerdes v. Iron and Foundry Co., 124 Mo. 347.

GOODE, J.—This plaintiff recovered a judgment of two thousand dollars against the defendant company for the fracture of his arm.   The accident occurred on July 25, 1904.   Plaintiff was on said date a passenger on one of defendant's west-bound cars on Market street.   He was seated on the south side of the car, next to a window with his elbow resting on the window sill.   According to the petition his elbow projected two inches outside the car he was in and a car passing in the opposite direction on a parallel track struck his elbow and broke the arm.

The main propositions involved in the case were considered and settled on a former appeal (120 Mo. App. 328). But one question is presented for decision on the present appeal, and this is an assignment of error relating to the instruction given on the measure of damages. Said instruction is as follows:

"If the jury find for plaintiff, they should assess his damages at such sum as they believe from the evidence will be fair compensation to him:

"(1) For any pain of body and mind that plaintiff has suffered, or will suffer by reason of his injuries, and directly caused thereby;

"(2) For any loss of earnings of his labor that he suffered, or will suffer by reason of his injuries and directly caused thereby."

Two grounds are urged against the propriety of the foregoing instruction; one is that it authorized an award of damages for a loss of earnings previously sustained by plaintiff, when there was no proof he had lost any earnings in consequence of his injury, and the other is that the petition does not allege plaintiff had lost earnings, but only that he would lose them in the future. This portion of the petition may be quoted:

"That as a direct result of the injuries thus sustained, plaintiff's arm has been rendered permanently stiff, and its use greatly and permanently impaired; that he has and will suffer great pain of body and mind; he has incurred and become obligated for, and will incur and become obligated for, large expenses for medical attention, medicines and nursing, and his earning capacity has been permanently impaired, and he will in the future lose greatly from the earnings of his labor, all to his injury and damage in the sum of four thousand five hundred ($4,500) for which sum he prays judgment against defendant and for his costs."

We have quoted from the second amended petition, which was filed after the case was reversed and remand-

ed on the first appeal. What the previous petitions alleged regarding loss of earnings, we do not know, as they have not been preserved in the record. As has been stated, the accident occurred in July, 1904, and according to the testimony, plaintiff had suffered no loss of earnings prior to the date the case was begun. When hurt he was employed as a guard on the grounds of the Louisiana Purchase Exposition, and he swore his salary as guard was paid, notwithstanding his injury, until the close of the Exposition, December 1, 1904. Therefore it appears plaintiff could not have alleged truly when he began the action, he had suffered loss of earnings. But though he had lost no salary or earnings by said date, he was entitled to a verdict for whatever earnings he had lost from then to the trial in consequence of his injury, on an averment either that he had or would lose them. [Cook v. Redman, 45 Mo. App. 397; 1 Sutherland, Damages (3 Ed.), sec. 113.] The true question is whether the allegation that plaintiff "will in the future lose greatly from the earnings of his labor," contained in the amended petition filed long after the suit was brought, ought to be regarded as waiving any claim for loss of earnings prior to the date it was filed. Was it apt to lead defendant to believe no demand was made on account of earnings except such as would be lost subsequent to said date, and thereby prevent defendant from getting ready to contest a claim for a loss of that kind sustained before the filing of the amended petition? We think this view ought not to be accepted. It has not been shown or asserted the amended petition filed December 10, 1906, set up a new cause of action; hence it related back to the date of the commencement of the action, to-wit: September 7, 1904, when the first petition was filed in the office of the clerk of the circuit court. [1 Ency. Pl. and Pr., 621; Fleenor v. Taggart, 116 Ind. 189; Mann v. Schroer, 50 Mo. 306; Wheeler v. Milling Co., 73 Mo. App. 672.]

It is insisted the evidence has no tendency to prove plaintiff had lost any earnings in consequence of the accident to his arm. The injury was a permanent one. At the time of the trial plaintiff could not move his arm easily, and the physician swore the condition would be permanent. Besides, the arm was shrunken in size in comparison with the uninjured one. It is conceded these facts tend to prove a loss of earning capacity, but counsel insist they do not prove actual loss of time or earnings. Before plaintiff came to St. Louis in March, 1904, and took employment as an Exposition guard, he lived in Bellingham in the State of Washington, and was engaged as a salesman in a shoe store. His salary was twenty dollars a week. His salary as guard was $55.25 a month. After the Exposition closed he went to his home in Ohio, stayed there three months with his father; then came to St. Louis for the first trial of the case; afterwards went to Bellingham again and accepted employment in a drug store where he worked for four months at two dollars a day, or at most, $14 a week. Subsequent to that employment he had rheumatism in his injured arm for a month and did nothing. He went to Medical Lake, Washington, and took treatment; working however in caring for the baths there, for three months. He then went to Marion, Indiana, where he was idle a year; but the reason for his idleness was not stated, defendant's counsel objecting to plaintiff's stating the reason. We think the foregoing testimony conduces to prove plaintiff had lost time from work and earned less while at work in consequence of his injury. It is a fair inference that he was forced into idleness by rheumatism in his injured arm and what wages he received when employed were less than had been paid him before.

The judgment is affirmed. All concur.