## JOHN A. LANGE, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, November 21, 1910.

1. **STREET RAILWAYS: Collision.** Plaintiff sued for damages for injuries received while a passenger on an electric street car which collided with a wagon, causing his arm, which had been resting on the window sill, to be jarred from its position and fall outside the car, and it was caught between the car and the wagon and broken. There was evidence of a slight collision, but there were no marks on the car, and only a slight one on the wagon. *Held,* that had there been a collision of sufficientt force to have jarred plaintiff's arm from a position on the window sill, there would have been unmistakable evidence of it on the wagon or the car or both, and the conclusion is inevitable that plaintiff had his arm outside the window when it was struck.

2. ———: ———: **Negligence.** It is not negligence per se for a passenger on board of a street car to rest his arm on the sill of the car window. In such cases it is for the jury to say whether under all the circumstances the passenger was guilty of such contributory negligence as would bar a recovery for injuries sustained by the negligence of defendant.

Appeal from Jackson Circuit Court.—*Hon. John G. Park,* Judge.

REVERSED.

*John H. Lucas, F. G. Johnson* and *Charles N. Sadler* for appellant.

(1) Statements of witnesses contradictory of general knowledge, or opposed to physical facts, or contrary to the operation and effect of natural forces, should not be accepted by any court. Scroggins v. Railroad, 120 S. W. 731; Curley v. Railroad, 104 Mo. 211; Hunter v. Railroad, 23 N. E. 9; Nugent v. Milling Co., 131 Mo. 241; DeMaet v. Storage Co., 121 Mo. App. 92; Stafford v. Adams, 113 Mo. App. 717. (2)

A passenger riding in a place not intended for passengers to ride, or in a way and manner not intended for them to ride, is guilty of contributory negligence, and assumes all risks incident to such acts. 2 White on Personal Injuries on Railroads, secs. 773-802. (3) Where plaintiff's own evidence shows contributory negligence demurrer should be sustained. Cohn v. Kansas City, 108 Mo. 393; Roberts v. Tel. Co., 166 Mo. 371; Wheat v. City of St. Louis, 179 Mo. 572; 29 Cyc. 511; Butterfield v. Forster, 11 East 60; Davis v. Railroad, 105 Cal. 131; Yahm v. Ottumwa, 60 Ia. 429. (4) Where specific acts of negligence are pleaded, it devolves upon the plaintiff to prove the acts of negligence pleaded, and, if he recover at all, it must be on the specific acts of negligence pleaded, and not otherwise. Orcutt v. Bldg. Co., 201 Mo. 425; McGrath v. Railroad, 197 Mo. 97; Bartley v. Railroad, 148 Mo. 124. (5) The negligence charged in the petition, even if proven, was not the proximate cause of the injury. Wilson v. Weil, 67 Mo. 399; McAlister v. Railroad, 74 Mo. 351. (6) It is not negligence not to take precautionary measures to prevent an injury which, if taken, would have prevented it, when the injury could not reasonably have been anticipated, and would not, unless under exceptional circumstances have happened. Brewing Assn. v. Talbot, 141 Mo. 674; Chandler v. Gas. Co., 174 Mo. 327; Fuchs v. St. Louis, 167 Mo. 626. (7) An instruction not based on the evidence is erroneous and should not be given. Hahn v. Cotton, 136 Mo. 216; Smith v. City of Sedalia, 152 Mo. 283; Press B. & M. Co. v. Buick & Q. Co., 151 Mo. 501; Regan v. Railroad, 144 Mo. 622; Price v. Railroad, 77 Mo. 508; Impkamp v. Transit Co., 108 Mo. App. 655. (8) The peremptory instruction in the nature of a demurrer to the evidence, offered by appellant at the close of plaintiff's case and renewed at the conclusion of all the evidence,

should have been given.   See authorities cited under points 1, 2, 3, 4, 5 and 6.   (9)   The court erred in giving instructions Nos. 1, 2 and 6 on behalf of plaintiff. Where the preponderance of the evidence against the verdict is so strong as to raise a presumption of passion, prejudice or gross negligence on the part of the jury, the appellate court should set aside such verdict. Lehnick v. Railroad, 118 Mo. App. 611; Spohn v. Railroad, 87 Mo. 84; Price v. Evans, 49 Mo. 336; Fugler v. Bothe, 117 Mo. 501.

*Lowe & Shannon* for respondent.

(1)   It is not negligence per se for a passenger on a street car to sit with his elbow on the window sill, the window being open, although by reason of some sudden jolt or jar, his arm is thrown outside and he is injured.   Miller v. Railroad, 5 Mo. App. 471; Winter v. Railroad, 39 Mo. 468; Dahlberg v. Railroad, 32 Minn. 414, 21 N. W. 545; Railroad v. Brophy, 105 Pa. St. 38.   (2)   When testimony of witnesses can reasonably be reconciled to the physical facts, the appellate court will neither reject nor weigh same, though the court might believe the weight of the physical evidence opposes that given by the witnesses.  Stafford v. Adams, 113 App. 721.   (3)   If plaintiff, as claimed by defendant, took a position in the car that proved unsafe, he only assumed such risks of danger as were incident to such position, but he did not assume the risk of danger created by the negligence of defendant.   Willmott v. Railroad, 106 Mo. 535; Railroad v. Lee, 50 N. J. Law 435; Sweeney v. Cable Co., 150 Mo. 385; Powers v. Boston, 154 Mass. 60.   (4)   The evidence of plaintiff clearly established negligence on the part of defendant, and though the evidence of defendant showed otherwise, yet this court will not undertake to weigh the evidence nor will it disturb the finding of the jury even if the evidence of the defendant seems

to have greater weight. Cartlich v. Railroad, 129 Mo. App. 721; Harviston v. Railroad, 119 S. W. 481. (5) By not requesting the court to give an instruction based on alleged contributory negligence of plaintiff, the defendant abandoned its defense contained in its answer charging plaintiff with being guilty of such negligence and no question can therefore arise as to contributory negligence unless the testimony develops that plaintiff's negligence solely caused the injury. (6) Whether plaintiff was negligent must be determined by all the circumstances of the case, which would include any indications of danger brought to his knowledge or which a prudent person might reasonably anticipate. Lynam v. Railroad, 114 Mass. 88; Thompson on Carriers, 258-446; Winter v. Railroad, 39 Mo. 468; Elliott v. Railroad, 18 R. I. 707; Cases cited at point 1; Barton v. Railroad, 50 Mo. 253. (7) In passing on the demurrer to the evidence offered at the close of all evidence, the court was required to make every inference of fact in favor of plaintiff which a jury with any degree of propriety might have inferred in his favor. Buesching v. Gaslight Co., 73 Mo. 219; Eckhard v. Transit Co., 190 Mo. 593.

BROADDUS, P. J.—This is a suit for damages alleged to have been sustained by plaintiff as a result of the defendant's negligence.

The undisputed facts are, that on the 15th day of July, 1907, the plaintiff was a passenger on one of defendant's street cars, north bound, on McGee street in Kansas City, Missouri. The car was operated by electricity, was of somewhat light construction with seats for passengers extending lengthwise along the sides of the interior.

According to plaintiff's statement he was seated on the east side of the car with his arm resting on the window sill looking west for a paper house, the place of his destination. That just after crossing Thirteenth

street the car collided with a wagon stationed near the east curb of McGee street, with sufficient force to jar his arm from its position and causing it to fall outside where it was caught between the car and wagon and broken below the elbow. He further testified as did some of his witnesses that the car was going at the time at a rapid speed. It was shown by the evidence of plaintiff that the street was narrow and that the car in passing would approach closely to the wagon. And it is claimed by plaintiff as the car in question vacillated sideways when in rapid motion, much more than when running slow, defendant was guilty of negligence in passing the wagon at such a fast rate of speed; and that his injury was the result of such speed.

There was some evidence that there was a slight collision of the car and the wagon. The wagon was not disturbed in its position. There were no marks left upon the car, and only a slight mark or indentation upon the dashboard of the wagon, but not enough to erase the paint except a little at one place. We have stated the case from the standpoint of plaintiff's evidence. The defendant offered a demurrer to plaintiff's case, and at the close of all the evidence asked the court to direct a verdict against the plaintiff. Both of these requests were overruled. The jury returned a verdict for the plaintiff and defendant appealed from the judgment of the court for the amount of the verdict.

It is sufficient to say that under plaintiff's theory of the case, if sustained by the evidence, he was entitled to recover, and there was no error in the action of the court in refusing to direct a verdict for the defendant. The authorities are to the effect that it is not negligence *per se* for a passenger on board a street car to rest his arm on the sill of a window. That in such cases it is for the jury to say whether under the cir-

cumstances of the case, the passenger is guilty of such contributory negligence as would bar his right to recover for an injury sustained by the negligence of the defendant. [Miller v. Ry. Co., 5 Mo. App. 471; Smith v. Transit Co., 120 Mo. App. 328; Gage v. Transit Co., 211 Mo. 139.] There are other cases to the same effect which it is needless to mention which establish the doctrine that it is not negligence *per se* in a passenger to rest his arm upon the window sill of a street car.

But it is insisted, and we think with good reason, that there was no substantial, credible evidence to sustain plaintiff's case. Had there been a collision of sufficient force to have jarred plaintiff's arm from a position on the window sill, the car or the wagon, if not both, would have shown unmistakable evidence of the fact, whereas there was only a slight scratch or mark on the latter and it would have been disturbed in its position. The most that can be said as to the force of the collision, is that, the car lightly grazed the dashboard of the wagon. The conclusion is inevitable that plaintiff had his arm outside of the window when it was struck by the wagon.

This court is not bound to accept the finding of a jury when it is not based upon substantial evidence, and especially when it is made to appear that the supposed facts upon which it is founded are physically impossible. Although we know that strange and seemingly impossible things do sometimes occur, yet it is too great a tax upon our credulity for us to believe that plaintiff was injured in the manner claimed.

The court erred in not directing a verdict for the defendant, therefore the cause is reversed. All concur.