O'DAY v. CONN, *Appellant.*

Division One, November 26, 1895.

1. **Practice:** CONSTITUTION: JURY TRIAL. A party to a suit may waive his constitutional right to a jury trial.

2. ———: EJECTMENT: EQUITY. Where, in ejectment, the answer sets up an equitable defense and asks for affirmative relief, the entire case is converted into an equitable one, and should be tried according to the rules governing suits in equity.

3. **Principal and Agent:** PROFITS OF AGENCY: CONTRACT. While a person acting as the agent of another, in making a settlement, will not be permitted to make profit for himself out of the transaction, yet the rule is otherwise where there is a fair understanding, when the agency is created, that the agent shall receive a part of the profits in compensation for his services.

4. **Deed:** CONSIDERATION: PAROL EVIDENCE. The real character and amount of the consideration of a contract may be shown by parol evidence.

*Appeal from Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

*L. O. Nieder, Alexander Young* and *J. E. & J. F. Merryman* for appellant.

(1) As this is a suit in ejectment, and the defendant having pleaded a general denial to plaintiff's petition, and also an equitable defense, which presented an issue of facts, as well as law, the court erred in refusing the defendant the right of trial by a jury. Const., art. 2, sec. 28; 45 Mo. App. 166; 45 Mo. App. 566; *Carter v. Prior,* 78 Mo. 224; *Wolf v. Schaeffer,* 4 Mo. App.

372; *Black River Lumber Co. v. Warner*, 93 Mo. 385. (2) Elizabeth Conn, the wife of the defendant, David Conn, was a competent witness to testify in the cause on trial as to conversations by herself and her husband with the plaintiff, at the time she signed the deed of trust, and as to any conversations she had, or were had, between plaintiff and her husband, in regard to the contract and the deed of trust, and all matters appertaining thereto, as she was directly interested in the event of the suit, and its final determination; she not only had an inchoate right of dower in the real estate in controversy, but she had a homestead right, which, under the law, she could, at any time, divest her husband of all power to dispose of the estate, either by will, mortgage, or deed. R. S. 1889, secs. 5435, 8922; *Rockhey v. Rockhey*, 97 Mo. 76; *Kaes v. Gross*, 92 Mo. 647. (3) The assignment of the contract for the purchase of the real estate in controversy constituted the plaintiff, O'Day, an agent for the defendant, for the purpose of procuring a deed for the land described therein, for defendant, and raised a trust, not only expressed, but one implied, in favor of the defendant, and the plaintiff was not entitled to any more money than he paid the railroad company for the deed. *Peacock v. Nelson*, 50 Mo. 256; *Damschroeder v. Thias*, 51 Mo. 104; *Baier v. Berberich*, 6 Mo. App. 540; *Smith v. Canning Co.*, 14 Mo. App. 527. The assignment of the contract, *supra*, and the receipt of O'Day for the same, which states that he expressly obtained the contract for the purpose of obtaining a deed to the land for defendant, together with the evidence of plaintiff, and also that of defendant, with all the facts and circumstances in evidence surrounding the entire transaction, can leave no doubt as to the understanding of the parties, that O'Day was acting for defendant for the purpose of obtaining a deed for him.

Plaintiff could only recover the amount of money he actually paid to the railroad company for the deed, which was not more than four hundred (400) dollars.

*O. H. Travers* for respondent.

(1) The answer converted this into an equitable action; so appellant had no right to a jury, even if he had demanded one. *Snell v. Harrison*, 83 Mo. 657; *Hickey v. Drake*, 47 Mo. 369; *Burt v. Rynex*, 48 Mo. 309; *Weeks v. Senden*, 54 Mo. 129; *Gray v. Ihm*, 69 Mo. 584. (2) Where it is sought to impress land with a trust, the testimony must be cogent, clear, and unequivocal, and so definite, positive, and conclusive as to leave no room for reasonable doubt in the mind of the chancellor as to the existence of the trust. That this doctrine has repeatedly and forcibly received the sanction of this court, the following authorities will show. *Rogers v. Rogers*, 87 Mo. 257; *Johnson v. Quarles*, 46 Mo. 423; *Forrester v. Scoville*, 51 Mo. 268; *Ringo v. Richardson*, 53 Mo. 385; *Kennedy v. Kennedy*, 57 Mo. 73; *Sharp v. Berry*, 60 Mo. 575; *Shaw v. Shaw*, 86 Mo. 594; *Adams v. Burns*, 96 Mo. 361; *Allen v. Logan*, 96 Mo. 591; *Philpot v. Penn*, 91 Mo. 38; *Worley v. Dryden*, 57 Mo. 226; *King v. Isley*, 116 Mo. 155; *Forrester v. Moore*, 77 Mo. 651; *Bradley v. Bradley*, 119 Mo. 585. (3) The wife of appellant was not a competent witness, and the court committed no error in sustaining respondent's objection to her testimony. She was not the agent of her husband, nor is this action based on any transaction had with appellant, as the agent of his wife. *McFadden v. Catron*, 120 Mo. 252; R. S. 1889, sec. 8922; *Kennedy v. Boyles*, 55 Mo. App. 257; *Wheeler & Wilson Co. v. Tinsley*, 75 Mo. 458. What appellant offered to prove by his wife would not bring her within the provisions of the statute. (Appellant's

abstract, 119.)   *Greer v. Majors*, 114 Mo. 145; *Fugate v. Price*, 49 Mo. 445.

MACFARLANE, J.—This suit is ejectment to recover the southwest quarter of the northwest quarter of section 26, township 29, range 23, in Greene county. The answer, after admitting possession and denying generally the other allegations of the petition, pleads an equitable defense.

This defense charges that on and prior to the nineteenth day of May, 1887, defendant was in possession of the land under a contract of purchase from the San Francisco Railroad Company, and on said day he employed plaintiff as his agent and attorney for the purpose of securing from said company a deed of conveyance thereto. That the terms of the contract were such that plaintiff undertook to furnish whatever money should be required to pay for the land, which amount defendant should secure to plaintiff by a deed of trust on the land. That afterward, in October of said year, plaintiff represented to defendant that the amount due, and which he was required to pay said company in order to obtain a deed, was $970, for which amount defendant made to plaintiff his note, and a deed of trust on the land to secure the same. That in fact there was only due on the contract, and plaintiff only paid said company, the sum of $400. That defendant afterward, at different times, paid on said note an amount sufficient to pay said sum of $400 and all interest thereon, but plaintiff refused to release said land from the deed of trust. That plaintiff afterward, in November, 1891, caused said land to be sold under the powers contained in said deed of trust, and himself became the purchaser, to whom the trustee executed and delivered a proper deed of conveyance. The prayer was that plaintiff be decreed to hold the land in

trust for defendant and that the title be vested in him, and for general relief.   The reply denied the new matter.

Upon a trial the court found for plaintiff, and gave him judgment for the possession of the land, and defendant appealed.

The first error assigned by the appellant is, that the court denied him a jury trial of the issues.   Respondent insists that no such right was demanded.   An examination of the record discloses the fact that a jury trial was waived by the parties.

It is well settled in this state that a party may waive his constitutional right to a jury.   *Merrill v. St. Louis*, 83 Mo. 252; *Railroad v. Town Site Co.*, 103 Mo. 469, and cases cited.

But as there seems to be some misunderstanding between the parties as to whether a jury was in fact demanded and refused, we may assume that defendant is right in his assertion, and still we are of the opinion that no error was committed.

The answer of defendant was a virtual admission of plaintiff's legal right to possession, but undertook to avoid it by showing that it was held by plaintiff in trust for him.   The defense, therefore, converted the entire case into one in equity in which it was sought to invest defendant with the legal title.   Affirmative relief was demanded.   In such case the trial should be conducted according to the rules and incidents which govern the trial of equity cases.   *Schuster v. Schuster*, 93 Mo. 443; *Allen v. Logan*, 96 Mo. 591.

The principle that in equity cases a party is not entitled to a jury, as a matter of right, is too well settled to require the citation of authorities to support it.

The real and only questions, then, are whether plaintiff in advancing the money and paying for the

land was acting as agent for the defendant, and, if so, whether he correctly reported to him the amount paid.

The evidence leaves no doubt that the contract under which defendant purchased the land from the railroad company was assigned to plaintiff for the purpose of securing a settlement and obtaining a deed to the land. This plaintiff does not dispute. It is equally well settled that at the time this assignment was made the company had sued defendant on the contract, and that the amount then due exceeded $1,000. It also appears that plaintiff took a deed to himself from the company and that the consideration expressed therein was $400. On settlement between plaintiff and defendants, the former made to the latter a deed and took back a deed of trust for $975 to secure a note of that amount then made by defendant.

Defendant claims that plaintiff only paid $400 to the vendor in order to secure the deed, but fraudulently represented that he had paid said sum of $975. Defendant testified that these representations were made, and also testified to the agency of plaintiff.

On the other hand, plaintiff insists that when he undertook to settle for the land, and to advance the money which might be necessary in order to obtain a deed, it was expressly agreed that he should have the benefit of any reduction in price he might be able to secure by compromise. To this plaintiff testified. He also testified that when he settled this matter with the railroad company he obtained deeds to three other parcels of land, the whole costing him in the aggregate, $1,650, and that the price agreed upon for this tract was $850, and that when he took the deed a consideration of $400, only, was recited, of which he had no knowledge at the time. He also testified that at the time of his settlement defendant owed him $125; that he made full disclosures of what he had paid out; that

he only charged defendant what he had actually advanced; and defendant being fully advised gave his note and deed of trust for $975, which was intended to cover the amount paid for the land and the amount due on other accounts.

Defendant's evidence tended to prove, and we will assume that it did prove, that the amount he had paid and tendered was sufficient to satisfy the sum of $400 and interest.

In case one person is the agent of another for the purpose of making a settlement with a third person the law will not permit him, while acting for his principal, to secure a profit to himself out of the transaction. But if there is a fair understanding, when the agency is created, that the agent shall have certain profits, as compensation for his services, he will be entitled to receive them by virtue of the contract.

It follows from these recognized principles, that if there was no contract as to the reductions in the price of the land, that might be secured, then defendant was entitled to the benefit of the reductions, and plaintiff would only be entitled to reasonable compensation for his services. If, on the other hand, defendant agreed that plaintiff, in consideration of his services, and of advancing the money, should have the benefit of whatever reduction of the price he could secure, then the deed of trust would be valid, for the amount secured is less than was due on the contract. If, notwithstanding the contract, plaintiff only charged defendant with what he actually advanced, there is nothing of which he can reasonably complain.

It is now well settled that "not only the amount of the consideration may be questioned by oral testimony, but the parties are not estopped from showing the character of the consideration to be different from

that stated." *Jackson v. Railroad*, 54 Mo. App. 642, and cases cited.

We have examined the evidence with care, and are of the opinion that plaintiff's position is sustained on both propositions. The chancellor who tried the case was of the opinion that defendant failed to establish his equitable claim. We do not deem it necessary to review the evidence at greater length, but merely approve the finding of the trial judge. The judgment is affirmed. All concur.