SCOTT, Respondent, v. YOUNG, Appellant.

### St. Louis Court of Appeals, May 16, 1905.

1. **JURY TRIAL: Constitution.** Under section 28, article 2 of the Constitution of 1875, it is the right of a litigant to have a trial by jury, though in courts not of record such jury may be less than twelve men, as may be provided by law.

2. **JURIES: Jury Fees.** Under sections 3775, 3778, 3779, 3780, 3782, 3787, 3788, Revised Statutes of 1899, the county in which the circuit court is held pays the jury fees, both for jurors of the regular panel and those not of the regular panel, in such court; while such fees are taxed against the unsuccessful party, they are, when collected from him, paid into the county treasury by way of reimbursing the treasury for moneys paid out theretofore for jury fees in that particular case.

3. ———: **Special Juries: Deposit.** Provisions of section 3791, Revised Statutes of 1899, by which a party applying for a special jury shall make a deposit to pay the costs of it, do not apply to a case where the request for a jury is nothing more than the jury allowed by the Constitution.

4. ———: **Obligation: For Costs: Deposit.** The provisions of sections 1542 and 1543, Revised Statutes of 1899, requiring the plaintiff in certain causes to file an obligation for costs, do not authorize a court to require a defendant who asks a jury to make a deposit as a condition precedent to granting the request.

Appeal from Stoddard Circuit Court.—*Hon. Jas. L. Fort,* Judge.

REVERSED AND REMANDED.

*J. R. Young* for appellant.

*Geo. Houck* and *C. L. Keaton* for respondent.

NORTONI, J.—This case originated before a justice of the peace in Stoddard county. The cause of action filed was a past due promissory note which had been theretofore executed by appellant in favor of respondent. The answer pleaded no consideration for the note and contained a counterclaim asking damages against the respondent. On a trial before the justice, the appellant here, recovered judgment for $250 on the counterclaim. Respondent appealed to the circuit court. We copy from the bill of exceptions as to what took place in that court as follows:

"Be it remembered that this cause coming on to be heard at the September term, 1902, of the circuit court of Stoddard county, the following proceedings were had:

"The court refused a jury to the defendant unless defendant put up amount in cash in the hands of the clerk, sufficient to pay the expenses of the jury, to which ruling of the court the defendant excepted. The plaintiff to sustain the issues on his part, introduced in evidence the following note."

The jury being denied, the appellant's case was tried by the court and the finding was in favor of the respondent for the amount of the note sued on, together with interest. A motion for a new trial was filed in due time and overruled by the court. The case is brought here by appeal. The only error assigned is the refusal of the circuit court to grant appellant a trial by jury.

The bill of exceptions shows that appellant demanded that his cause be tried by a jury and that this demand the court refused unless he deposited sufficient money to cover the expense of a jury, which he declined to do and saved his exceptions. This question first arose under the old Constitution (1820) of Missouri and was decided in Bank of Missouri v. Anderson, 1 Mo. 175. The court said:

"By the English law, a trial by motion dispenses with writ and declaration, and the words 'in a summary

way,' dispenses with all sorts of formal pleading, and a jury also; and, in this case, it is contended, the course must be the same. This doctrine would be good in England, and in this State, if it were not for a provision in our Constitution, which says, the trial by jury shall remain inviolate; the meaning of which is, that with respect to facts, the trial shall be by twelve men, and they shall all and each of them be good and lawful men; they must have a good fame, possess integrity and intelligence; they must not be aliens, vagrants, outlaws, nor under conviction of crimes. They must all be under oath when they try a fact or cause; they must all agree in their verdict; and the right to have disputed facts tried by such a jury, and in such a manner as to remain inviolate. *It is the right of all parties who are capable of being sued,* and if this right is or can be limited or restrained by the Legislature, because the proceeding is summary, then every case may be required to proceed in the same way, and so the jury trial be entirely undetermined and lost; and furthermore, the act of the Legislature of May, 1807, says, that in all cases, either party, in any suit, if he demands it before the trial, shall have a trial by jury (see Geyer's Digest, 256) ; here the motion was undoubtedly a suit, and the jury trial was demanded and refused. The Bank was a party, and it had a right to having the facts, whether a demand of specie payment was made, and whether it was refused, tried by a jury."

The provision in the Constitution of 1820 was: "The right of trial by jury shall remain inviolate." (Section 8 of the Declaration of Rights, art. XIII, Constitution of Mo. (1820), R. S. 1855, p. 83.) The same clause was under consideration by the Supreme Court in Vaughn v. Scade, 30 Mo. 600. That case was an action for negligence, in the St. Louis Law Commissioners' Court. A trial was had under a statute authorizing the court to impanel a jury of six men. A jury of twelve men was demanded, which demand the court refused.

Our Supreme Court held that the words "trial by jury" as employed in the Constitution, were adopted in their common law sense and meaning; that a jury at common law consists of twelve good and lawful men; that the statute which authorized a jury of six men was violative of that provision of the Constitution and that the court erred in denying the request for a jury of twelve, saying that a jury should consist of twelve men, and among other things, they should be unanimous in their verdict. The court further said: "We are of the opinion that, as the court of law commissioners is a court of record, having common law jurisdiction and proceeding according to the course of the common law, in any trial in that court a party is entitled to a jury of twelve men when he demands it." In Foster v. Kirby, 31 Mo. 496, the cause is reversed "because of the refusal of the court below to grant defendant's demand that the jury should consist of twelve persons." The case of Henning v. Ry., 35 Mo. 408 was reversed by the Supreme Court for the same reasons. See also Briggs v. Ry., 111 Mo. 168. Section 28 of the Bill of Rights, art. 2, Constitution of Mo. (1875), R. S. 1899, p. 67, provides, in part: "The right of trial by jury as heretofore enjoyed, shall remain inviolate; but a jury for the trial of criminal or civil cases, in courts not of record, may consist of less than twelve men, as may be prescribed by law." etc. It is to be observed that our present Constitution, as quoted, is unlike the old Constitution in that it expressly authorizes a jury of less than twelve men in certain cases. The words: "The right of trial by jury shall remain inviolate" are still there, however. Section 691, R. S. 1899, provides: "An issue of fact in an action for the recovery of money only or of specific, real or personal property, must be tried by a jury, unless a jury trial be waived or a reference ordered as hereinafter provided."

It seems that it should be unnecessary to cite authorities on these propositions, but whether it is or not,

113 app—4

those above cited are in point. If it was error to refuse
a litigant a jury of twelve men under the old Constitu-
tion because the words "trial by jury" as employed there-
in were used in their common law sense, importing a
jury of twelve men, it is error now to refuse the litigant's
demand for such a jury as is provided for in our present
Constitution. There is no complaint in this case as to
the number of jurors. The demand was for a jury, a con-
stitutional jury, and this was denied by the court unless
a deposit be made, to which an exception was saved. If
there be authority for requiring the defendant to make
a deposit to cover the expense of a jury, then the denial
of the court was justified, otherwise not. We will ex-
amine this branch of the matter later.

The Constitution insures to all persons having cases
in the courts in which are involved any of those rights
arising under the general terms of life, liberty and prop-
erty employed in the Constitution, that the right of trial
by jury shall remain inviolate. This is a fundamental
right to which a litigant is entitled, upon demand, and
of which he cannot be denied. The statute above quoted
says issues of fact in cases like this must be tried by a
jury unless a jury trial be waived. There was no waiver
here. On the other hand, there was a demand for a jury
trial. The result is the court erred in refusing the de-
mand for the jury, unless there is authority for impos-
ing a condition precedent that appellant make a deposit.
On this question our statutory provisions seem plain
and simple. Sec. 3778, R. S. 1899, provides that each
grand and petit juror on the regular panel, shall re-
ceive $2.00 per day for every day he may actually serve
as such and five cents for every mile he may necessarily
travel coming from his place of residence to the court
house and returning to the same, to be paid out of the
county treasury. It is clear, under this section, that the
county and not the litigant, pays the expense of the reg-
ular panel. Section 3775 contemplates the calling of
juries when the regular panel has been discharged and

provides that the court may require the sheriff or proper officer to summon a jury in that case and a standing jury when the county court shall have failed to provide a regular panel. Section 3779 provides that the clerk shall keep a book in which he shall enter upon application of each juror, his time of service, mileage, etc. Section 3780 provides that every clerk shall issue to the juror scrip, evidencing their services and the amount to which they are entitled therefor. Section 3782 provides that the treasurer of the county, upon presentation of such scrip, is required to pay same out of any money in the treasury, appropriated for county expenses, and such scrip shall be received by the sheriff, collector and other proper officers in payment of any debt due the county. To be sure section 3787 provides that all petit jurors, not included in the regular panel, shall receive for their services as such jurors, $1.00 per day, which shall be taxed as costs in the case, and section 3788 provides that in case where any jury provided for services in a case, there shall be taxed against the unsuccessful party and collected as costs, the sum of $12.00 as jury fees, which when collected, shall be paid into the county treasury to the credit of the county revenue, etc. It is apparent from these sections that the county pays the jury in the circuit court. This is true as to the regular panel and jurors summoned which are not of the regular panel, each likewise receive scrip from the clerk and are paid by the county out of the county funds. While fees for their services may be taxed, according to the statute, against the unsuccessful party to the suit, these fees, when so taxed and collected, are paid into the county treasury by way of reimbursing the treasury for moneys paid out by it theretofore in payment of the jury service in that particular case. We can find no provision in the law requiring the litigant to make a deposit in court to cover the expenses of a jury in a given case other than the provisions of section 3791 which has to deal exclusively with special juries, by the provisions of which,

when a special jury is applied for on the part of either plaintiff or defendant, the party making such application is required to pay the costs of such special jury, irrespective of the result of the case, unless the judge presiding at the trial shall make a certificate as therein provided, relieving such party of such obligation. We take it in that case, that as the jury is an extraordinary panel, the court might be justified in requiring a deposit before ordering such special jury and not violate the Constitution as the request would be for something more than a constitutional jury. There was no special jury applied for in this case, however, therefore the section last above mentioned is not applicable here.

The only other provisions requiring a deposit in court to cover cost of a jury with which we are familiar are those of sections 1542, 1543, R. S. 1899, requiring the plaintiff in certain causes therein mentioned, to file a sufficient obligation or make a sufficient deposit under order of the court, to cover the costs in the case which he is prosecuting or seeking to prosecute. There is no provision and no warrant in law for requiring the defendant to make a deposit as a precedent to a jury trial, and in fact, it would seem, that statutory provisions to that effect would conflict with the constitutional provision which guarantees that the right of trial by jury shall remain inviolate. For inasmuch as defendant has been sued, a law requiring him to make such deposit in many cases where he is unable to make the deposit, would operate as a denial to him of his constitutional right of trial by jury. For the error above indicated, the judgment is reversed and the cause remanded. All concur.