JULIA A. BERRY v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY and ST. LOUIS, MEMPHIS and SOUTHEASTERN RAILROAD COMPANY, Appellants.

Division One, November 27, 1909.

1. **FRAUD: Settlement: Sufficient Pleading.** Where plaintiff sued the railroad company for damages to her crops, and defendant pleaded a prior settlement, plaintiff's reply, alleging that said settlement was obtained through fraud, coercion and deception used by defendant's agents, that they told her her lawyer had gone back on her, that her neighbors and friends were all going to testify against her, that defendant would pay her

lawyer, that all said statements were untrue, that she was old and poor and was scared and persuaded by said agents into said settlement, and was led to believe that the paper signed by her contained stipulations to the effect that defendant would pay her lawyer, which it did not contain, and that said settlement is not in fact the one she thought she was making, and tendering back the money paid her, states a defense to such settlement, and is not demurrable, whether the issue be one at law or in equity.

2. **TRIAL BY JURY: Fraud: Constitutional Right.** The meaning of the Constitution in saying "the right of trial by jury, as heretofore enjoyed, shall remain inviolate," is to deprive the Legislature of the right to deprive a party of the right to a jury trial wherever prior to the adoption of the Constitution he had that right. It did not prevent the Legislature from extending the right of trial by jury. It did not prevent it from making matters theretofore tried in equity, triable by a jury, where the cause of action in the first instance was one of law.

3. ————: ————: ————: **Release.** Where the cause of action in the first instance was one of law, and the equity arises only by reason of fraud of some kind being pleaded to obviate a release pleaded in the answer, the Constitution does not prohibit the Legislature from making such issue of fraud triable by a jury, along with the cause of action stated in the petition. Such a release could have been properly tried by a jury prior to the statute, and could have been pleaded in the reply. Sec. 654, R. S. 1899, is not unconstitutional.

Appeal from New Madrid Circuit Court.—*Hon. Henry C. Riley*, Judge.

Affirmed.

*W. F. Evans* and *Moses Whybark* for appellants.

(1) The court erred in not sustaining the demurrer to the replication of the plaintiff. The facts set up in the replication stated no reason why the settlement should be avoided. Layson v. Cooper, 174 Mo. 220; Paris Mfg. Co. v. Carle, 116 Mo. App. 501; Crim v. Crim, 162 Mo. 552; Shirts v. Overjohn, 60 Mo. 305. (2) Under the issues raised by the reply to the new matter set up in the answer, the defendant was entitled to have those issues tried separately. The set-

tlement which plaintiff sought to set aside, constituted a complete defense and could be annulled for equitable causes only. Grayson v. Weddle, 80 Mo. 42; Allen v. Logan, 96 Mo. 597; Boulin v. Pippin, 192 Mo. 474; Clyburn v. McLauglin, 106 Mo. 521; Fisher v. Stevens, 143 Mo. 181; Althoff v. Transit Co., 204 Mo. 171; Och v. Railroad, 130 Mo. 27; McForlad v. Railroad, 125 Mo. 253. The trial court may direct issues of fact in chancery cases to be tried by a jury, but is not bound by their finding. The court may reject the finding by the jury and render judgment on the issues, contrary to the verdict of the jury. This rule is well settled. Snell v. Harrison, 83 Mo. 656; Hickey v. Drake, 47 Mo. 369; Benten v. Pippin, 192 Mo. 474; Gay v. Ihrn, 69 Mo. 586; Brounsen v. Wanzer, 86 Mo. 408; Burt v. Rynex, 48 Mo. 309. Then in the Supreme Court the equitable issue is practically tried *de novo*. The Supreme Court will defer somewhat to the findings of the trial court, but is not bound by such finding. Blount v. Spratt, 113 Mo. 54; Benne v. Schnecko, 100 Mo. 257. And that court may discard such parts of the evidence as may have been erroneously admitted without the necessity of directing a new trial. Barrett v. Davis, 104 Mo. 563; Hanna v. South St. Joseph Land Co., 126 Mo. 16. And when the evidence is depositions, so that the lower court is denied the advantage of observing the demeanor of the witness when testifying, and equal opportunity is afforded the Supreme Court to determine the probative force of the witness, in that case it will not defer to the trial court. Allen v. Logan, 96 Mo. 598. The replication sought affirmative relief, and was equitable, and the defendant was entitled to have that issue separately tried, and thus be able to have the evidence on that issue reviewed in the appellate courts. Allen v. Logan, 96 Mo. 598; Lincoln Trust Co. v. Nathan, 175 Mo. 42. (3) Section 654 of Revised Statutes of 1899, insofar as it permits the plaintiff in his reply, in all cases, whether the fraud alleged be

cognizable in equity, or at law, to allege any facts showing or tending to show the settlement set up in the answer was fraudulently or wrongfully procured; and requiring the issues thus raised to be submitted, with the other issues in the case, to the jury and a general verdict or finding upon all the issues including the issue of fraud so raised, shall be sufficient, violates the Constitution, which provides that the right of trial by jury, as heretofore engaged, shall remain inviolate. Constitution, art. 2, sec. 28; R. S. 1899, sec. 654; Vaugh v. Schade, 30 Mo. 604; Creve Coeur Lake Ice Co. v. Tamm, 138 Mo. 386; State ex rel. v. Town, 153 Mo. 105; Eckrich v. Transit Co., 176 Mo. 648; Tinsley v. Kemery, 170 Mo. 316; Mound City Land & Stock Co. v. Davis, 170 Mo. 259; State ex rel. v. Shepard, 177 Mo. 238. A trial by jury in an equity case is not within the meaning of the Constitution, and under it the Legislature cannot add to or detract from the right, because that right as heretofore enjoyed must remain inviolate. Ellis & Cavender v. Krentzinger, 31 Mo. 432; Wendover v. Baker, 121 Mo. 289. (4) The practice act has not changed the primary rights of the parties. The distinction between legal and equitable rights has not been abolished, but only the distinction between legal and equitable remedies. Richardson v. Means, 22 Mo. 498; Meyers v. Fields, 37 Mo. 441; Fithian v. Monks, 43 Mo. 517; Maguire v. Taylor, 47 Mo. 128-9; Tucker v. St. Louis Life Ins. Co., 63 Mo. 594; State ex rel. v. Johnson, 132 Mo. 108; Holloway v. Holloway, 97 Mo. 639; Lockland v. Garasche, 56 Mo. 270. The Legislature had no power to completely blend equitable and legal rights in the code-procedure, and make all cases triable by a jury. That law abolished the forms of action and substituted the civil action as the only form. Reubens v. Joel, 13 N. Y. 488; Voorhis v. Child's Executors, 17 N. Y. 354. (5) Prior to the enactment of section 654, the settlement had to be set aside by a court of equity in a separate proceeding on

the ground of fraud, before commencing proceedings on the original cause of action. Althoff v. Transit Co., 204 Mo. 171; Och v. Railroad, 130 Mo. 27.

GRAVES, J.—The plaintiff originally brought her suit against the St. Louis, Memphis and Southeastern Railroad Company. Petition filed to the March term, 1905, of the New Madrid Circuit Court was in two counts. By the first she sought to recover damages to crops growing on certain lands belonging to her, by reason of defects in the right-of-way fences belonging to defendant. Damages were alleged in the sum of six hundred dollars and judgment asked in double that sum.

By the second count damages were sought in the sum of $50, to be doubled under the statute, for injury to a horse, alleged to have been occasioned by the negligent construction of a farm crossing. Upon this count verdict went for the defendant and further notice need not be taken.

Later, and at the March term of said court, the St. Louis and San Francisco Railroad Company was on motion of plaintiff made a party defendant. At the September term following, defendants answered, by the terms of which answer they denied the charges in both counts contained, and further answering averred that the suit had been fully settled for $130 and the money paid to plaintiff by the last named defendant, specifically pleading a stipulation signed by the plaintiff acknowledging the payment of the $130 and agreeing that the suit abate and be dismissed at the costs of defendant. Then follow averments to the effect that the first named defendant was the owner of the road but that the latter defendant had operated the same since June 1st, 1904; that said settlement was in satisfaction of plaintiff's claims as to both defendants, but that she thereafter sued the latter defendant

for the same causes of action which had been thus settled.

To this answer, the plaintiff filed the following reply:

"Comes now the plaintiff, and first tenders to the defendant the amount received in the alleged settlement, and says that said settlement was obtained by coercion, fraud and deception used by the defendants, by and through J. O. Livesay, claim agent, and W. E. Robertson; that they told her her lawyer had gone back on her; that her neighbors and friends were all going to testify against her; that they would pay her lawyer; all of which statements as made were untrue; and that she, being old and poor, was finally scared and persuaded by said parties into said settlement; and that she was lead to believe that the paper signed by her contained stipulations to the effect defendants were to pay her lawyer, which it does not contain; and that said alleged settlement is not in fact the one that she understood she was making. That her actual damages in said matters were in excess of said amount in said settlement; and having made reply, again asks for judgment."

To this replication, defendants demurred, and when the same was overruled, duly excepted.

At the September adjourned term of said court for the year 1905, the plaintiff dismissed as to the first defendant and the trial proceeded as to the remaining defendant, the appellant here.

Verdict, upon a trial before a jury, was returned for plaintiff on the first count for $350. Upon the second count the verdict was for defendant. On motion of plaintiff the damages were doubled and judgment accordingly entered for $700. Later and at the same term and whilst the motion for new trial was pending the plaintiff remitted the sum of $135.90 and a new judgment for $564.10 was entered, and the motion for new trial overruled. Defendant excepted to both acts

of the court, i. e., that of permitting the remittitur and the act of overruling the motion for new trial. Within proper time, motion in arrest of judgment was filed and overruled, defendant excepting.

When the case was called for trial the defendant requested that the matter of settlement set up in the answer and the issues thereon made in the reply, be tried by the court without the intervention of a jury, and in such request it is charged that section 654, Revised Statutes 1899, in so far as it undertakes to make such an issue triable by a jury, violates section 28, art. 2, of the Missouri Constitution. This was overruled and the whole case submitted to the jury.

This and kindred questions are the only questions urged in the elaborate and excellent brief filed by the defendant. Plaintiff has not favored us with a brief. The questions urged therefore are purely questions of law.

I.  To what has been said in the statement, it should be added that to the reply a demurrer was filed and the court overruled the same. This demurrer charged that the replication failed to state sufficient facts to constitute a defense to the new matter set up in the answer. This, to our mind, is only one way of stating the real issue between these parties. Defendant claims that section 654, Revised Statutes 1899, is invalid, and for that reason the question of fraud, as pleaded in this reply, could only be heard in a court of equity, and not in a court of law and before a jury. If, however, it is meant that the replication does not state a proper defense in either branch of the court, equity or law, we cannot give our assent to the insistence. The replication pleads facts properly raising the issue of fraud in the procurement of the settlement and release. To this end, we have purposely set it out. The replication charges certain representations which induced the settlement. It then charges the falsity of

these representations and the reliance of the plaintiff thereon. Not only so, but there is a tender of the sum so paid in settlement. The reply was at least a proper defense to the new matter (the settlement) pleaded in the answer. Whether such matter should have been tried before a chancellor or a jury, remains to be seen. Suffice it to say for the present that the reply was sufficient to raise the issue of fraud in the procurement of the settlement, and the question of the forum for the trial of the issue we will consider in due order.

Cases cited by appellant are not opposed to the idea that this reply properly presented an issue of fraud, which is cognizable in some court.

We, therefore, pass to the real question urged in this case.

II. As indicated above, the real issue urged by the defendant in this case is the unconstitutionality of section 654, Revised Statutes 1899, which section reads:

"Whenever a release, composition, settlement or other discharge of the cause of action sued on shall be set up or pleaded in the answer in bar to plaintiff's cause of action sued on, it shall be permissible in the reply to allege any facts showing or tending to show that said release, composition, settlement or other discharge was fraudulently or wrongfully procured from plaintiff, and the issue or issues thus raised shall be submitted with all the other issues in the case to the jury, and a general verdict or finding upon all the issues, including the issue or issues of fraud so raised, shall be sufficient."

This section appears as a new section in the revision of 1899. It will serve no good purpose to rehearse at length the diverse opinions of this court prior to the enactment of this section. The section evidently had its origin in the opposing views of the judges of this court prior to its enactment. [Girard v. St. Louis Car Wheel Co., 123 Mo. 358; McFarland

v. Railroad, 125 Mo. 253; Och v. Railroad, 130 Mo. 27; Homuth v. Railroad, 129 Mo. 629.]

These various cases and others which might be cited evinced varying views among the members of this court, as to what matters of fraud were cognizable before the law side of the trial court and what matters should be heard in equity. Releases of different character were submitted by the trial courts to juries and thus the division of opinion. These varying views run up to the date, or practically so, of this statute, and the statute was no doubt passed to meet the emergency. But be that as it may, this statute is challenged on the ground that it is violative of section 28, article 2, of the Missouri Constitution. This section of the Constitution reads: "The right of trial by jury, as heretofore enjoyed, shall remain inviolate; but a jury for the trial of criminal or civil cases, in courts not of record, may consist of less than twelve men, as may be prescribed by law. Hereafter, a grand jury shall consist of twelve men, any nine of whom concurring may find an indictment or a true bill."

The defendant after invoking this section of the Constitution, says that it is entitled to a trial by a chancellor where there has been executed a release, which is pleaded in bar of an action, and fraud in the execution thereof is alleged by the plaintiff, and that this statute violates its constitutional right, in that it forces the trial of that issue to be before a jury.

The Constitution says, "The right of trial by jury, as heretofore enjoyed, shall remain inviolate." In discussing that right we have held it to mean that such matters as were triable by jury prior to the Constitution of 1875, could not be shifted to the equity side of the court. In other words, the status of what must be tried by a jury was fixed by the conditions existing at the time of the adoption of the Constitution.

In State v. Bockstruck, 136 Mo. l. c. 358, Division Two of this court through SHERWOOD, J., used this lan-

guage: ''This being the case, it cannot be said that defendant has been denied 'the right of trial by jury as heretofore enjoyed,' since whatever was the *status* of that right at the time of the adoption of the Constitution of 1875, was the *status* referred to in that instrument. [1 Bishop, Crim. Proc. (3 Ed.), sec. 892; 3 Am. and Eng. Ency. Law, 720, and cases cited.]''

Again in the recent case of Lee v. Conran, 213 Mo. l. c. 412, Woodson, J., for this division, says:

''Section 28 of article 2 of the Constitution of 1875 provides that 'The right of trial by jury, as heretofore enjoyed, shall remain inviolate.' This court, in the case of State v. Bockstruck, 136 Mo. l. c. 358, held that the constitutional guaranty of 'the right of trial by jury as heretofore enjoyed' has reference to the *status* of that right as it existed at the time of the adoption of the Constitution. And this court, in the case of State ex rel. v. Withrow, 133 Mo. l. c. 519, held that said section 28 'means that all the substantial incidents and consequences which pertained to the right of trial by jury are beyond the reach of hostile legislation, and are preserved in their ancient substantial extent as existed at common law.'

''In order to determine whether the case at bar comes within the meaning of that section of the Constitution as interpreted by those adjudications, we must first determine what the issue tendered by the pleadings is, and, after doing so, we must then ascertain how that issue was triable before the adoption of that constitutional provision; if by jury, then either party is entitled to a trial of that issue by a jury regardless of any statutory provision; but if it was not triable by jury prior to that time, then the Constitution does not govern, and we would then look to the statutes and the common law for a rule by which to solve the question.''

Now viewing these contentions of the defendant in this light, what do we find? Has it been deprived

of any right under the Constitution by reason of this statute? In our judgment, the Constitution means that if theretofore (that is, prior to the adoption of the Constitution) the defendant by law or practice was entitled to a jury, then such right must remain inviolate. Prior to that time some questions of fraud were triable by a jury in a court of law and some by the chancellor in a court of equity. The only inhibition on the Legislature fixed by the Constitution was to prevent the Legislature from depriving a party of a trial by a jury where he had theretofore enjoyed that right. No inhibition is found in the Constitution preventing the Legislature from extending the right of trial by jury. Not a word is said to the effect that the Legislature can not make matters theretofore tried in equity, triable by a jury, where the cause of action in the first instance was one at law, and the equity only arises by reason of fraud of some kind being pleaded to obviate a release pleaded in the answer. In our judgment, the matters pleaded in this reply could have properly been tried at law prior to the Constitution of 1875. Fraud vitiates all contracts, and whether the contract is absolutely void by reason of the fraud, as held in Girard v. St. Louis Car Wheel Co., *supra,* or whether it be merely voidable, as suggested in some of the cases, yet if in the latter class of cases the party tenders back the consideration and disclaims the contract thus induced by fraud, then the question of whether or not the release is void or valid may be properly tried before a jury. And we think it was so triable even before the statute in question.

The foundation of the present defense is a receipt for so much money in settlement of a claim. Of course, collateral thereto, is an agreement to dismiss the suit on that claim at the cost of the defendant. Even under the Och case, *supra,* we believe this question was triable by a jury without this statute. It was certainly so under the statute. But if it was not allow-

able under the ruling in the Och case, it was made so by
the more recent ruling in Courtney v. Blackwell, 150
Mo. l. c. 278, whereat MARSHALL, J., in concurring in an
opinion by BRACE, J., gave special reasons for his con-
currence in this language:

"I concur in the foregoing opinion, and believe
it is the only proper conclusion under the circumstan-
ces disclosed by this record, especially in view of the
opinion in this case on former appeal, but in my judg-
ment that opinion was erroneous in holding that the
issue of fraud in the procurement of the release could
not be raised in a reply to the answer setting up the
release. In my opinion, release is an affirmative de-
fense, and when pleaded by a defendant the plaintiff
can meet it in the reply by a plea of fraud in its pro-
curement and this is the rule prescribed by sections
2042 and 2052, Revised Statutes 1889. The plaintiff
may anticipate an affirmative defense of release by a
count in his petition setting out the fraud in its pro-
curement, and asking its cancellation, but should not be
required to do so, nor should a plaintiff be reverted to
a separate bill in equity for such purpose, for the whole
question can, logically, be determined, when the re-
lease is pleaded by the defendant, if it is pleaded, by
an issue of fraud raised by the reply, and tried by the
chancellor, before the action at law is tried. For these
reasons I think the opinion on former appeal was in-
correct in not so holding, and in requiring the plaintiff
to resort to a proceeding in equity or to amend her
petition. GANTT, C. J., SHERWOOD and BRACE, JJ., con-
cur herein.''

The case had formerly been tried in which the
fraud in the procurement of the release had been
raised by reply. [Hancock v. Blackwell, 139 Mo. 455.]
At that time the whole court concurred that the release
should be set aside in equity, although several mem-
bers thereof had persistently opposed that rule in the

223 Sup—24

Och case, *supra,* and by the majority vote opposed the doctrine in the Girard case. In the Girard case, written by BARCLAY, J., and concurred in by a majority of the judges, it was held proper to plead the fraud in the procurement of a release in a reply, but in a later case, the Och case, BURGESS, J., who had dissented in the Girard case, distinguished his case from the Girard case and held that the release pleaded in his case should have been set aside in equity. To this opinion, BARCLAY and BRACE, JJ., filed a vigorous dissenting opinion. Then came the case of Hancock v. Blackwell, *supra,* in which BURGESS, J., again followed the Och case, and it would appear that the dissenting judges yielded to the majority in the Och case. But when the Hancock case, *supra,* again reached this court, under the name of Courtney v. Blackwell, 150 Mo. l. c. 278, it appears that MARSHALL, BRACE and SHERWOOD, JJ., and GANTT, C. J., concurred in the doctrine that when a release was pleaded, the fraud in the procurement thereof could be pleaded in a reply and tried before a jury. And be it said that the fraud in that case covers just as broad a ground as in this case. I am of opinion that even under the Och case, as ruled by BURGESS, J., the fraud in procuring the receipt in this case at bar could be pleaded by way of reply, but all doubt is removed by the latter case just mentioned. This latter case, Courtney v. Hancock, *supra,* was passed upon at the April Term, 1899, and as section 654 first appeared as a new section in the revision of 1899, it must have been passed about that time. However, the case is not bottomed upon the statute, so that prior to this statute, and without considering the statute, this court has held that fraud in the procurement of a release was properly pleaded in a reply and properly triable before a jury. The statute therefore does not go further than this court had done about the time of the passage thereof. The statute does not undertake to abolish all equitable jurisdiction, and has

never been so considered by bench or bar. If it did, another question might be here. We are of opinion that the Legislature violated no portion of the Constitution in the enactment of the statute. The other cases from this State relied upon by defendant are not out of line with these views.

Thus believing, and this being the only real question in this case, the judgment, *nisi*, is affirmed.

All concur.