WILLIAM V. JOYNER v. P. L. WOODARD & COMPANY, ET AL.

(Filed 16 September, 1931.)

1. **Pleadings A c—Order striking out as surplusage allegations in complaint relating to anticipated defense held not error.**

   Where the plaintiff in his action to recover damages for an alleged negligent injury anticipates the defense of release and sufficiently attacks the release as procured by fraud, the action of the trial court in treating the plaintiff's allegation in regard thereto as surplusage and ordering it stricken out, and denying defendant's motion of nonsuit based upon the ground of inconsistent pleading and misjoinder of causes of action, will not be held for error; no harm resulting from the judgment as entered.

2. **Pleadings D c—Upon demurrer pleadings are to be construed favorably to the pleader.**

   Upon a demurrer the complaint is to be liberally construed and, contrary to the common law practice, every reasonable intendment is to be made in favor of the pleader. C. S., 535.

CONNOR, J., not sitting.

APPEAL by defendants from *Harris, J.,* at April Term, 1931, of NASH.

Civil action to recover damages for an alleged negligent injury caused by an automobile truck owned by the defendant, or one of them, and driven at the time by an employee, striking the plaintiff, knocking him unconscious and inflicting serious injury, while he was walking on the public highway leading from Wilson to Kenly, N. C.

After setting out a cause of action for the personal injury sustained by the plaintiff, and in anticipation of the defense of a release, it is alleged in the complaint that sometime thereafter the plaintiff was fraudulently induced to sign a release on a grossly inadequate consideration, which he asks to have set aside.

A demurrer was interposed upon the ground, first, that inasmuch as it appeared a release had been given, the complaint did not state facts sufficient to constitute a cause of action, and, second, because of a misjoinder of two separate and distinct causes of action.

The trial court treated the allegation in regard to the release as surplusage, ordered it stricken out, and overruled the demurrer.

Defendants appeal, assigning error.

*Grissom & Marshburn for plaintiff.*
*Spruill & Spruill for defendants.*

STACY, C. J. The action of the trial court in treating the plaintiff's anticipatory allegation in regard to the release as surplusage, and ordering it stricken out, is supported by decisions elsewhere. *Hedlun v. Holy Terror Min. Co.,* 16 S. D., 261, 92 N. W., 31; *Trotter v. Mutual R. F. L. Assoc.,* 9 S. D., 596, 70 N. W., 843, 62 Am. St. Rep., 887; 53 C. J., 1271. And under authority of *Killian v. Hanna,* 193 N. C., 17, 131 S. E., 246, the demurrer might have been overruled without more. McIntosh N. C. Practice and Procedure, 412. But as no harm can come from the judgment as entered, it would serve no useful purpose to disturb it.

Ordinarily, the defense of release or accord and satisfaction must be pleaded in bar, but it is the rule in some of the States to permit the matter to be set out in the complaint in anticipation of such defense for the purpose of affirmative attack. *Berry v. St. Louis, etc., R. Co.,* 223 Mo., 358, 122 S. W., 1043; 53 C. J., 1271. It is obvious, however, that where a defense is anticipated, unless also successfully assailed in the complaint, the pleading nullifies itself, and may be availed of on demurrer. *St. Louis, etc., R. Co. v. United States,* 267 U. S., 346, 69 L. Ed., 649; 21 R. C. L., 481. To anticipate a defense without negativing it is fatal. *Chance v. Credit Co.,* 118 S. E. (Ga. App.), 465.

While the allegations in the instant complaint are rather inartificially drawn, we cannot say that they are wholly insufficient or self-contradictory. We are required on demurrer to construe the complaint liberally, "with a view to substantial justice between the parties," C. S., 535, and, contrary to the common-law rule, every reasonable intendment is to be made in favor of the pleader. *Dixon v. Green,* 178 N. C., 205, 100 S. E., 262; *S. v. Bank,* 193 N. C., 524, 137 S. E., 593.

Affirmed.

CONNOR, J., not sitting.