**MEADOWBROOK COUNTRY CLUB, a pro forma decree corporation, Respondent,**

v.

**Beatrice DAVIS, Executrix of the Estate of Sam Davis, Deceased, Appellant.**

No. 52826.

Supreme Court of Missouri, In Banc.

Dec. 11, 1967.

Cupples, Cooper & Haller, by Irving L. Cooper, Clayton, for respondent, Meadowbrook Country Club.

John Grossman, St. Louis, for defendant (appellant).

EAGER, Judge.

This case was transferred here by our order from the St. Louis Court of Appeals. After consideration, we have arrived at the same result as that Court did and, generally, through the same conclusions. Since the matter involved was one of general interest, we felt that this review was appropriate. We have adopted some of the language of the Court of Appeals without quotations.

The case involves the application and validity of Rule 3K of the Circuit Court of St. Louis County which is as follows: "Any party desiring a trial by jury of an

appeal from the Magistrate Court or Municipal Court shall file a written request for a jury trial and deposit the sum of $15.00 with the Circuit Clerk within thirty days after the filing of the transcript on appeal. Failure to do so shall be a waiver of a trial by jury and the case shall be assigned to the jury waived docket."

The suit was filed in Magistrate Court by the Country Club against Sam Davis, a former member, for dues, personal charges and an assessment. At that time Davis had resigned as a member. It will not be necessary to relate the facts of the main controversy except to say that Davis claimed he had been misled concerning the levying of an assessment. Plaintiff had judgment in the Magistrate Court on Sept. 28, 1962, for $784.90, plus interest, and Davis appealed to the Circuit Court in due time. The following chronology of the events in the Circuit Court is material:

Oct. 11. 1962—Transcript of Magistrate filed

Dec. 5, 1962—Minute entry as follows: "PURSUANT TO COURT RULE 3K, jury trial waived. Cause assigned to Assignment Division."

Mar. 26, 1963—Order as follows: "Deft-Appellant and Pltff-Appellee, having failed to request a trial by jury within 30 days after the filing of the transcript on appeal, (Rule 3K, Rules of Court), the jury trial is waived in the above cause; the above cause is hereby assigned to Division No. 1 for trial."

Apr. 11, 1963—Defendant deposited $50 with Circuit Clerk

Apr. 12, 1963—Defendant filed memorandum as follows: "Defendant requests jury trial; cause removed from Docket of April 29th and placed on jury trial docket."

"Denied G.E.S—Judge. 4–12–63"

At the beginning of the Circuit Court trial on May 27, 1963, defendant orally requested a jury trial, the Court stated that this had already been denied under Rule 3K, and that it again denied the request. At that time counsel for defendant made the following statement: "MR. GROSSMAN: The defendant is excepting to the rule of the Court if the order is made under the authority of Rule 3K and I would suggest that the rule deprives the cannon [sic] right of the defendant for jury trial and that the defendant is deprived of this right without due process of law. Your Honor has ruled on that?" To this the Court replied "Yes, sir." (The Court of Appeals and the parties have considered that the word "cannon" was intended for "constitutional," and we so treat it.)

The Court proceeded to hear evidence on the merits, took the cause under submission, and on July 10, 1963, entered judgment for plaintiff in the sum of $784.90, with interest from May 16, 1962; at the same time it filed its findings of fact and conclusions of law and overruled a motion of plaintiff to dismiss defendant's appeal.

After filing and presenting an unsuccessful motion for a new trial, defendant took an appeal to this Court on the theory that a constitutional question was involved, and the case was submitted here. By our opinion reported at 384 S.W.2d 611, we ruled that no constitutional question had been properly and timely raised and preserved, and we, therefore, transferred the case to the St. Louis Court of Appeals. While it was pending there the defendant died and his Executrix was substituted as defendant.

■ Our prior opinion is the law of this case insofar as the existence of any question of constitutional construction is concerned. We, therefore, shall not consider any such question as presented in the briefs; however, we must recognize the existence of the constitutional right to a jury trial within the limits of our law and we consider that phase of the matter here as an application of the Constitution.

Our Constitution of 1945, Art. I, Sec. 22(a) V.A.M.S. provides, in part, "That the right of trial by jury as heretofore enjoyed shall remain inviolate; * * *." Various qualifications follow which are not material here; there is no reference to any question of waiver. Aside from her contentions of supposed constitutional violation, the defendant now claims: that Rule 3K contravenes the "Missouri Statutes," and Rule 69.01 of this Court; that the waiver of a jury trial requires affirmative action by the litigant; and that the Circuit Court had no power to enact rules to the contrary. The plaintiff responds that the Circuit Court is given the authority to enact reasonable rules, and that Rule 3K is merely procedural, prescribing the mode in which a party may obtain a jury trial. We hold that defendant's points, with the exception of those involving constitutional constructions, were sufficiently raised in his motion for a new trial. We shall occasionally refer to the original defendant, Mr. Davis, as the "defendant."

At this point we note two pertinent sections of the statutes. Section 478.450, RS Mo 1959, V.A.M.S.[1] gives to the Judges of the Circuit Court of St. Louis County authority to enact such local court rules "as may be agreeable to the usage and principles of law." Section 510.190 provides in part: "1. The right of trial by jury as declared by the constitution or as given by a statute shall be preserved to the parties inviolate. In particular, any issue as to whether a release, composition, or discharge of plaintiff's original claim was fraudulently or otherwise wrongfully procured shall be tried by jury unless waived.

"2. Parties shall be deemed to have waived trial by jury (1) By failing to appear at the trial; (2) By filing with the clerk written consent in person or by attorney; (3) By oral consent in court, entered on the minutes; (4) By entering into trial before the court without objection."

■ There can be no reasonable doubt that defendant was entitled to the right of trial by jury as guaranteed to him by the Constitution, unless he waived that right. Our first State Constitution provided, "That the right of trial by jury shall remain inviolate." Art. XIII, § 8, Const. Mo. 1820. Early in our judicial history that provision was construed as guaranteeing a jury trial in those cases and in the manner in which the right to trial by jury existed under the common law. Bank of Missouri v. Anderson, 1 Mo. 244; Vaughn v. Scade, 30 Mo. 600; Berry v. St. Louis & San Francisco Ry. Co., 223 Mo. 358, 122 S.W. 1043; Barnard & Lease Mfg. Co. v. Monett Milling Co., 79 Mo.App. 153. That right has been guaranteed in each of our succeeding Constitutions, with the addition, in that of 1875 of the phrase, "as heretofore enjoyed." Art. II, § 28, Const.1875, and see Art. I, Sec. 22(a), Const.1945. The only relief sought in the instant case was the recovery of a money judgment so that it was an action at law and, therefore, fell within the scope of the constitutional guarantee of the right of trial by jury. Federal Land Bank of St. Louis v. McColgan, 332 Mo. 860, 59 S.W.2d 1052; Minor v. Burton, 228 Mo. 558, 128 S.W. 964; Briggs v. St. Louis & San Francisco Ry. Co., 111 Mo. 168, 20 S.W. 32; Ragan v. McCoy, 29 Mo. 356.

■ While the right to a jury trial in a civil action at law is guaranteed, it is a personal right which may be waived. Merrill v. City of St. Louis, 83 Mo. 244; O'Day v. Conn, 131 Mo. 321, 32 S.W. 1109; Hoover v. Abell, Mo.App., 231 S.W.2d 217; Briggs v. St. Louis San Francisco Ry. Co., 111 Mo. 168, 20 S.W. 32; Barker v. St. Louis County, 340 Mo. 986, 104 S.W.2d 371; Zeitinger v. Hargadine-McKittrick Dry Goods Co., 298 Mo. 461, 250 S.W. 913; 50 C.J.S. Juries § 90, p. 798. The legislature of Missouri has, in the absence of constitutional limitations, recognized that a jury may be waived in civil cases, at least

---

1. To which all statutory references will refer.

since 1825. Revised Statutes of 1825, p. 630, § 35; that act required a demand for a jury, if desired. In Revised Statutes of Missouri 1855, Ch. 128, Art. X, Sec. 12, the requirement was for a jury in actions for the recovery of money or specific property "unless a jury trial be waived." In Revised Statutes of Missouri 1865, Ch. 169, Sec. 14, the first specific waiver provisions appeared, as follows: "Parties to an issue of fact shall be deemed to have waived a trial by jury in the following cases: First, by failing to appear at the trial; second, by written consent, in person or by attorney, filed with the clerk; third, by oral consent in court, entered on the minutes." Those provisions have been continued to this date with the subsequent addition of (4), i. e., "by entering into trial before the court without objection." We thus see that the legislature has for a century specifically fixed the manner in which a jury may be waived in a civil case. By way of analogy, see State v. McClinton, Banc, Mo., 418 S. W.2d 55, where, in a misdemeanor case, the Court recognized the legislative control over the mode of waiver in the absence of constitutional restrictions; and the Court held invalid a part of Rule 26.01 of this Court insofar as applicable to misdemeanors, because it was contrary to Sections 546.050 and 543.200. The Court said: "The statutory provisions and not the rule are controlling." In Rule 69.01(b) this Court adopted the statutory modes of waiver in civil cases, after reaffirming the right to jury trial as declared by the Constitution or statute. In view of the limitations of Art. V, Sec. 5 of our Constitution, prohibiting the enactment of rules changing the law relating to juries, it is at least doubtful that the Court could have done more. But, being strictly in accord with the statute, the rule is entirely valid and effective.

■ We conclude that the methods of waiver prescribed by § 510.190 and Rule 69.01(b) are exclusive, at least insofar as the facts in this case are concerned. The trial courts are authorized by our Rule 50.01 to enact rules governing their judicial business if such are "not contrary to the rules of the Supreme Court, to the Constitution or to statutory law in force." Whether Rule 3K be considered as a procedural rule (as plaintiff contends) or not, it definitely constitutes an enlargement of the modes of jury waiver prescribed by statute and by our rule, and thus contravenes both. The plain meaning and intent of our statutes, which have thus for more than a century prescribed specific modes of jury waiver, is that those methods shall not be changed or enlarged except by the legislature; the amendment by the addition of method number (4) indicates the continued retention of control by the legislature. If we should hold otherwise, we would render the statute rather meaningless.

In addition to what we deem the logic of the matter, this construction is supported by the case of Briggs v. St. Louis & San Francisco Ry. Co., 111 Mo. 168, 20 S.W. 32, where a judgment was reversed because the court refused the request of the defendant for the jury trial of an issue involving the recovery of money. There the Court said in part, at 20 S.W., loc. cit. 33: "While the law is valid and constitutional, the court should not have tried the issue without a jury, unless it was waived. Under the statute (section 2133) a jury may only be waived in one of three modes: *First,* by failing to appear at the trial; *second,* by written consent in person or by attorney, filed with the clerk; *third,* by oral consent in court, entered on the minutes. No waiver in any of these methods is shown to have been made." See also Scott v. Young, 113 Mo.App. 46, 87 S.W. 544. And see, generally, 50 C.J.S. Juries § 90, p. 798, to the effect that, in the absence of constitutional limitations, the legislature has the power to determine the modes of waiver of a jury trial, and that a court has no power to make rules to the contrary.

Mr. Davis certainly did not waive a jury in any of the modes prescribed by statute; on the contrary, he demanded a jury, and

the only reason for the refusal was his failure to make the timely written demand and deposit required by Rule 3K. We do not find it necessary here to consider the requirement of a deposit separately from the other requirements of the Rule. The requirements, in toto, are in contravention of the statute and of our Rule 69.01(b); they impose terms more onerous than does the statute; Rule 3K is invalid. See, by way of analogy, Wade. v. Wade, Mo.App., 395 S.W.2d 515. If the Circuit Court of St. Louis County requires relief in such manner as in 3K provided, it must seek it from the legislature.

Plaintiff has relied strongly upon the case of City of St. Louis v. International Harvester Co., Mo., 350 S.W.2d 782. That was a condemnation suit, prosecuted under the provisions of the St. Louis Charter; the charter provided that in that class of actions, a party desiring a jury must file a written demand for a jury "before the assignment of the commissioners," or the right to a jury would be waived. The appellant did not request a jury until a trial was about to be held on exceptions to the report of the commissioners. The request was denied, and this Court upheld the ruling upon the theory that reasonable regulations might be made concerning the right to, and waiver of, a jury trial. We must consider that case in the light of its circumstances and background. The provision of the St. Louis Charter fixing the method of jury waiver was the equivalent of a special statute applicable to condemnation cases in the City of St. Louis. Giers Impr. Corp. v. Investment Service, Inc., Mo., 235 S.W.2d 355; Kansas City v. Ashley, et al., Mo., 406 S.W.2d 584; General Installation Co. v. University City, Mo., 379 S.W.2d 601. The charter provision there was consistent with the Constitution, which has since 1945 and previously (Art. I, Sec. 26, Const.1945, and Art. II, Sec. 21, Const. 1875) provided that the determination of the value of property taken in condemnation may be ascertained by a jury *or* a board of commissioners in such manner

"as may be provided by law." Moreover, condemnation cases are not considered as among those in which the Constitution guarantees the right to a trial by jury "as heretofore enjoyed." This distinction between condemnation cases and cases at law, generally, was recognized in City of St. Louis v. Gruss, Mo., 263 S.W.2d 387, cited in the International Harvester case, supra, with particular reference to the *mode* of condemnation by charter cities. See, also, City of St. Louis v. Franklin Bank, 340 Mo. 383, 100 S.W.2d 924, 30 C.J.S. Eminent Domain § 281, pp. 32–33. The City of St. Louis has been permitted to adopt a charter mode of condemnation differing even from that of the general condemnation statutes. The International Harvester case is not persuasive here; nor are cases cited from other states which have different statutes or different constitutional provisions.

The cases arising under Federal Rule of Civil Procedure No. 38 are not applicable to the present situation. The Rule requires a demand for a jury within a specified time, but, under the United States Code, Title 28, § 2072, the rules so adopted are given the effect of federal statutes, after having been submitted to the Congress. Thus, we may say that Congress has, through those rules, fixed the requirement of a jury demand in civil cases. The Missouri legislature has not done so.

As applied to this defendant there can be no reasonable doubt that Rule 3K contravenes and is contrary to § 510.190, supra, and to Civil Rule 69.01, adopted pursuant thereto, both of which affirm his constitutional right to a jury trial and provide the exclusive manner in which he might be deemed to have waived that right. Rule 3K not only required the defendant, within a limited time, to make a deposit for the expenses of a jury in a case brought against him, but it conditioned his right to trial by a jury upon terms more onerous than those fixed by law and deprived him

of that right in a manner contrary to the modes of waiver so specified.

The judgment is reversed and the cause is remanded for a new trial.

All concur.